**HOME INDEMNITY COMPANY et al.,**
**Appellants,**

v.

**Ima Jean GILES, Appellee.**

**No. 11320.**

Court of Civil Appeals of Texas.

Austin.

June 30, 1965.

Allison, Clark & Baker, Wm. F. Baker, Corpus Christi, for appellants.

Byrd, Davis & Eisenberg, Marion S. Roberts, Jr., Austin, for appellee.

PHILLIPS, Justice.

The plaintiff below and appellee here, Ima Jean Giles, was involved in an automobile collision in Austin, Texas. The Home Indemnity Company, appellee's liability carrier and the appellant here, employed the Ted H. Heaton Company to make an investigation of the accident. The Heaton Company assigned one of its employees, Robert E. Carswell, Jr., to the task. Carswell interviewed the appellee, made pictures of appellee's car and of the scene of the collision. Later further investigation was made which included taking from the assured (appellee) a statement designated as a supplemental proof of loss.

When the investigation was complete, the information obtained as well as the original of the investigator's report were sent to ap-

pellant Home Indemnity Company. At that time copies of the investigation were retained in the file of the Ted H. Heaton Company but later the copies were also forwarded to the company. Appellee contends that these later copies, or the remainder of the file, were sent to the appellant at its request as a result of appellee's requesting a copy of the file. Appellant refused to comply with this request of appellee.

Appellee brought suit against the Home Indemnity Company and Robert E. Carswell, Jr., wherein she asks that the court order appellant company and Carswell to deliver to her possession true copies of statements, photographs and/or other information obtained by defendants in the investigation of the accident, or in the alternative that she have judgment against each defendant, jointly and severally, for at least $1000 plus interest and costs as damages for the withholding of such information.

The trial court held that appellee was entitled to the information contained in the report and ordered the appellants to allow the appellee access to the file so that copies of the investigation could be made at appellee's expense and ordered the appellants to retain possession of the file so that appellee might have access to it in the future.

We affirm this judgment.

Appellants' attorney admits that appellee is entitled to the information contained in the file and we so hold; however, they have predicated their points of error on certain findings of fact and conclusions of law filed by the trial court, at their request, in support of the judgment. We need not pass on the correctness of these findings and conclusions as we deem the judgment of the court correct and his reasons therefor are not material here. Maher v. Gonzalez, Tex.Civ.App., 380 S.W.2d 764.

We affirm the judgment of the trial court.

Affirmed.