NATIONAL PIPE AND TUBE
COMPANY, Appellant,

v.

LIBERTY COUNTY CENTRAL AP-
PRAISAL DISTRICT and Liberty
County Central Appraisal District Ap-
praisal Review Board, Appellees.

No. 09–90–027 CV.

Court of Appeals of Texas,
Beaumont.

Feb. 28, 1991.

Rehearing Denied March 21, 1991.

---

Sarah Ducker, Barbara Radnofsky, Vinson & Elkins, Houston, for appellant.

Neal J. Iverson, Dayton, for appellees.

Before WALKER, C.J., and
BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

This is an appeal from an order entered by the 253rd Judicial District Court of Liberty County, Texas, dismissing appellant, National Pipe and Tube Company's cause of action against Liberty County Central Appraisal District and Liberty County Central Appraisal District Appraisal Review Board, appellees, for want of jurisdiction, due to appellant's alleged failure to exhaust its administrative remedies prior to bringing suit.

In this opinion we may refer to appellant as "NPT" or "appellant". Appellee, Liberty County Central Appraisal District shall be referred to as "Appraisal District" and Liberty County Central Appraisal District Appraisal Review Board shall be referred to as "ARB".

We accept appellant's statement of the facts which show that on January 1, 1984 appellant owned various properties within Liberty County, Texas, including land, buildings, machinery, equipment and inventories comprising a manufacturing plant. For 1984 ad valorem tax purposes, the Chief Appraiser of Liberty County placed a value of $31,075,600.00 dollars on NPT's properties within the district. Appellant contended that such amount was a grossly excessive valuation further stating that the actual fair market value of such properties as of January 1, 1984 was $17,500,000.00 dollars.

Prior to receiving any notice of appraised value with respect to its properties, appellant timely filed a document with the Appraisal District entitled "Inventory of Prop-

erty", dated April 18, 1984. The trial court found in its findings of fact No. 4 that "Plaintiff's Inventory of Property ... was intended as a rendition of property."

When appellant received notice of the value placed on its properties by the Chief Appraiser, appellant timely filed a "Notice of Protest" with the Appraisal District. A hearing on this protest was held before the ARB on July 5, 1984. Appellant appeared and presented evidence and testimony at the hearing.

Following the hearing on appellant's protest, the ARB issued a final order affirming the Chief Appraiser's value of $31,075,-600.00, and denying appellant's protest. Within fifteen (15) days of receipt of the final order, appellant timely filed a Notice of Appeal with the ARB as required by TEX.PROP.TAX CODE ANN. § 42.06 (Vernon Supp.1991). Within 45 days thereafter, appellant timely filed its petition with the Liberty County District Court, as required by TEX.PROP.TAX CODE ANN. § 42.21 (Vernon Supp.1991). Appellant's trial court petition alleged that the ARB fixed a grossly excessive valuation for 1984 tax purposes on appellant's properties within the Appraisal District and that ARB refused to assess appellant's property equally in comparison to the weighted average level of appraisals of other properties in the district.

Appellees filed a Motion to Dismiss For Want of Jurisdiction, same being twice amended. NPT filed written responses to the motion and to each amendment. On December 20, 1989, the district court granted appellees' motion and dismissed the case for want of jurisdiction. NPT has properly perfected this appeal setting forth six points of error. We shall only address points one and three which shall be dispositive of the appeal. To address appellant's other four points would be advisory only.

Point of error one states:

The district court erred in holding that NPT was statutorily required to present sworn evidence of market value in support of its protest of the appraised value on its property.

At the time the trial court entered its conclusion of law that NPT had failed to exhaust its administrative remedies, the case of *New Laredo Hotel, Inc. v. Webb County Appraisal District,* 777 S.W.2d 165 (Tex.App.—San Antonio 1989, *writ granted*) was in full force and effect. It appears to this Court that the trial court simply chose not to follow the mandate of that decision. The *New Laredo Hotel* case stood for the proposition that there was no requirement for a taxpayer or his agent to appear before the Appraisal Board either in person or by affidavit. That case was subsequently reversed by our Supreme Court. *Webb County Appraisal District v. New Laredo Hotel, Inc.,* 792 S.W.2d 952 (Tex. 1990). In reversing the San Antonio Court, our Supreme Court stated and held that "taxpayers contesting property valuation must appear, either personally, by representative, or by affidavit, at the protest hearing as a prerequisite to an appeal to district court." 792 S.W.2d at 955.

We do not believe *Webb County Appraisal District v. New Laredo Hotel, Inc., supra* to be controlling of our case. The trial court in our case required appellant to present sworn evidence of market value in support of its protest of the appraised value on its own property as a prerequisite to de novo judicial review.

■ Protest hearings before appraisal review boards are governed by TEX.TAX CODE ANN. § 41.45 (Vernon 1982) which in part provides:

(b) The property owner initiating the protest is entitled to an opportunity to appear to offer evidence or argument. The property owner may offer his evidence or argument by affidavit without personally appearing if he attests to the affidavit before an officer authorized to administer oaths and submits the affidavit to the board hearing the protest before it begins the hearing on the protest.

Our question is what more could appellant have done to comply with the statute and with *Webb County Appraisal District v. New Laredo Hotel, Inc.* than to have its controller appear under oath before the ARB and give testimony as to what the

controller believed the value of the properties to be. The trial court concluded as a matter of law that the statutory burden is on a protesting taxpayer to present sworn evidence in support of its protest. The trial court further concluded as a matter of law that plaintiff had the statutory burden of presenting evidence of market value of the properties the subject of its protest, further finding and concluding that Plaintiff presented no evidence of market values as of January 1, 1984 on the properties that were the subject of the notice of protest.

For obvious reasons, our case does not fit within the facts nor the ruling of *Webb County Appraisal District v. New Laredo Hotel, Inc.* We therefore sustain appellant's point of error number one.

We also sustain appellant's point of error number three which contends trial court error in holding that NPT failed to exhaust its administrative remedies.

Beginning with the general premise that the exhaustion of remedies doctrine operates to stay judicial review until a matter has been disposed of administratively, we must determine whether appellant has exhausted those remedies to a point of sufficiency to open the door to trial de novo before a district court.

■ It is not disputed that ARB issued a final order and that subsequent to that order, appellant properly gave notice and filed suit in the district court to appeal said final order, pursuant to Tex.Tax Code Ann. 42.01 (Vernon 1982) which reads:

A property owner is entitled to appeal: (1) an order of the appraisal review board determining a protest by the property owner as provided by Subchapter C of Chapter 41 of this code.

We believe that the issuance of a final order by the ARB exhausts the administrative remedies available to our appellant. At that point in time, there is nothing further for the ARB to do nor for appellant other than to seek an appeal of that order.

We feel it important to set forth in this opinion pertinent parts of the Liberty County Central Appraisal District's Appraisal Review Board's ruling, entitled "Board of Review Hearing", as follows:

THE BOARD OF REVIEW OF THE LIBERTY COUNTY CENTRAL APPRAISAL DISTRICT FOR THE TAX YEAR 1984 *HAVING HEARD AND CONSIDERED EVIDENCE OF VALUE ON THE PROPERTY* DESCRIBED BELOW HAS PLACED THE EQUALIZED VALUATION SHOWN BELOW FOR THE 1984 TAX YEAR. THIS VALUATION SHALL HOLD FOR ALL TAXING UNITS WITHIN THE CONFINES AND/OR JURISDICTION OF THE LIBERTY COUNTY APPRAISAL DISTRICT IN WHICH THE PROPERTY IS LOCATED (emphasis added).

PLEASE READ REVERSE SIDE FOR TIME AND PROCEDURE FOR PROTESTING THIS *FINAL VALUE....* (emphasis added).

Should you not agree with the final 1984 valuation shown on the face of this document, remedies are available through the following procedures:

STEP I: Within 30 days of receipt of this notice, complete, sign and notarize the protest form printed below. Return, by hand or registered mail to the Liberty County Central Appraisal District, 1820 Sam Houston, (P.O. Box 712), Liberty County, Texas 77575.

PROTEST OF FINAL VALUATION

I, *Lon Doty,* President of National Pipe & Tube Company, do hereby protest the final 1984 valuation of *$31,075,600* placed on my property described on the face of this document. It is my considered opinion that the 1984 valuation should not exceed *$10,000,000 dollars.* It is understood that the proper filing of this document *insures my legal rights to remedies from this final valuation as prescribed in V.T.C.A., Tax Code* (emphasis added).

STEP II: At this point, you should consult an attorney to determine if your case has merit and can be pursued with a reasonable expectation of success.

We find it intriguing that this final result of the ARB review hearing advises nothing

regarding the inadequacy of appellant's evidence or protest. To perhaps stretch a point, a taxpayer, unsophisticated in the hyper-technical aspects of the Texas Tax Code, might even view this final determination as a guarantee of that taxpayer's right to a trial de novo before a district court. "It is understood that the proper filing of *this* document insures my legal rights to remedies *from* this final valuation...." (emphasis added). Point of error number three is sustained.

■ We hold that to obtain judicial review of property valuation a taxpayer must timely protest to the Review Board, appear at the protest hearing, timely file notice of appeal with the Review Board and timely petition the district court. If the taxpayer complies with these procedural requirements, the taxpayer is entitled to a trial de novo before the district court. TEX.TAX CODE ANN. § 42.23 (Vernon 1982). Our taxpayer was in compliance.

■ By reviewing the weight and sufficiency of the evidence presented to the ARB, the trial court essentially conducted a substantial evidence review without the benefit of a trial on the merits, rather than conduct a trial de novo as mandated by the Tax Code. We hold this was reversible error.

For reasons stated, we reverse the trial court's Order of Dismissal and we remand this case for a full and complete trial on the merits finding that appellant had properly exhausted all available remedies available to it.

REVERSED AND REMANDED FOR TRIAL DE NOVO.