VALERO SOUTH TEXAS PROCESSING CO., Appellant,

v.

STARR COUNTY APPRAISAL DISTRICT and Starr County Appraisal Review Board, Appellees.

No. 04–96–00525–CV.

Court of Appeals of Texas, San Antonio.

Sept. 24, 1997.

Dan Dennis Hartnett, William H. Robison, Robert John Myers, Robert John Myers & Associates, San Antonio, for Appellant.

Russell R. Graham, Sandra Griffin, James R. Evans, Jr., Calame, Linebarger, Graham & Pena, L.L.P., Peter William Low, Law Office of Peter William Low, Austin, for Appellee.

Before RICKHOFF, STONE and DUNCAN, JJ.

## OPINION

RICKHOFF, Justice.

This case centers on the question of what constitutes sufficient notice to meet the requirements of article 41.47(d) of the Texas Tax Code. Because we find the notice sent to the taxpayer in this case was inadequate, we reverse and remand.

Valero South Texas Processing Co. ("Valero") sued the Starr County Appraisal District and the Starr County Appraisal Review Board ("Appraisal District") challenging the 1993 valuation of its Delmita gas processing plant. The trial court granted Starr County's plea to the jurisdiction and motion to dismiss because Valero did not file suit within the prescribed 45–day period contained in TEX. TAX CODE ANN. art. 42.21 (Vernon 1992).

In four points of error Valero complains that the notices sent by the appraisal district did not comply with the requirements of the Tax Code. Because we agree, we reverse the summary dismissal by the trial court.

## FACTS

Valero Energy Corp.'s director of ad valorem taxation, Roy Martin, protested five property tax valuations by Starr County on behalf of various Valero entities, including Valero South Texas Processing Company. In each case, he sent a cover letter on Valero Energy Corp. stationary which referenced the proper taxpaying entity in the body of the letter. The protests were heard at a

July 12, 1993 hearing; two of Valero's valuations were settled by agreement, one proposed change was accepted and two protests, including the one involving the Delmita gas plant, were denied. Martin was present at the hearing.

As required by statute, Starr County sent a Notice of Issuance of Order and Order Determining Protest by certified mail, return receipt requested. They were received on July 20, 1993. The notice and order are attached hereto as Exhibits A and B.

The orders did not reference the property in question by legal description or a taxpayer account number but by docket number which was evidently assigned by the appraisal district for internal administrative purposes when Valero South Texas Processing protested its property's valuation.

After receiving the notices in question, Valero filed a protest of the district's failure to provide a proper order. TEX. TAX CODE ANN. § 41.411 (Vernon 1992). After failing to get a hearing on its protest of a lack of notice and final order, Valero filed suit in April 1994. The appraisal district moved for and was granted dismissal.

■ Findings of fact and conclusions of law were requested, and the trial court was timely reminded, but no findings and conclusions were filed. This is presumed harmful unless the face of the record clearly shows the reason for the trial court's ruling. *City of Los Fresnos v. Gonzalez*, 830 S.W.2d 627 (Tex.App.—Corpus Christi 1992, no writ). Here a statement of facts was filed which clearly show the basis of the order; the trial court held that although the order and notice did not have the correct name of the taxpayer, the presence of Martin at the protest hearing provided constructive notice and rendered any error harmless. We therefore look to see if it was proper for the trial court to so rule.

### NOTICE UNDER THE TEXAS TAX CODE

The Texas Tax Code's local appeals procedure was intended to entirely displace the common law causes of action which grew up to meet the mandates contained in the Texas

Constitution. *Texas Architectural Aggregate v. Adams*, 690 S.W.2d 640, 641–642 (Tex. App.—Austin 1985, no writ). It balances the taxpayer's due process rights with resolving protests expeditiously; its administrative and judicial review provisions are mandatory and exclusive. *Id.* at 642.

■ Compliance with article 42.21 of the Texas Tax Code, which authorizes appeal of property valuation to the district court, is jurisdictional. *Appraisal Review Board v. Int'l Church of the Foursquare Gospel*, 719 S.W.2d 160 (Tex.1986). To obtain *de novo* judicial review of property valuation, the taxpayer must timely protest to the Appraisal Review Board, appear at the protest hearing, timely file notice of appeal with the Board, and timely petition the district court. *Nat'l Pipe & Tube Co. v. Liberty County Cent. Appraisal Dist.*, 805 S.W.2d 593, 597 (Tex. App.—Beaumont 1991, writ denied). The board must determine a taxpayer's protest before that taxpayer may seek judicial relief. *Valero Transmission Co. v. Hays Consol. Ind. School Dist.*, 704 S.W.2d 857, 863 (Tex. App.—Austin 1985, writ ref'd n.r.e.).

■■ The notice requirement is outlined in TEX. TAX CODE ANN. art. 41.47:

### § 41.47. Determination of Protest

(a) The appraisal review board hearing a protest shall determine the protest and make its decision by written order.

(b) If on determining a protest the board finds that the appraisal records are incorrect in some respect raised by the protest, the board by its order shall correct the appraisal records by changing the appraised value placed on the appraisal records that are necessary to conform the records to the requirements of law....

\*  \*  \*  \*  \*  \*

(e) The notice of the issuance of the order must contain a prominently printed statement in upper-case bold lettering informing the property owner in clear and concise language of the property owner's right to appeal the board's decision to district court. The statement must describe the deadline prescribed by Section 42.06(a) of this code for filing a written notice of

appeal, and the deadline prescribed by Section 42.21(a) of this code for filing the petition for review with the district court.

The statute is otherwise silent as to what must be contained in the order or notice. We note that the Legislature in its discretion may prescribe what notice shall be given, subject to the requirement that the notice affords a fair opportunity for the affected party to appear and defend its interests. *Sgitcovich v. Sgitcovich,* 150 Tex. 398, 241 S.W.2d 142 (1951), *cert. denied* 342 U.S. 903, 72 S.Ct. 291, 96 L.Ed. 676 (1952). In other words, to meet the constitutional requirement of due process, the notice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). We find that this notice and order fall short of this standard.

■ In Texas, for the purposes of legal proceedings, subsidiary corporations and parent corporations are separate and distinct "persons" as a matter of law; the separate entity of corporations will be observed by the courts even in instances where one may dominate or control, or may even treat it as a mere department, instrumentality, or agency of the other. *Gregg Co. v. Laidlaw Waste Systems Inc.,* 907 S.W.2d 12, 17 (Tex.App.—Tyler 1995, writ denied). Therefore each corporation-taxpayer is entitled to notice which is sufficient to meet the minimum requirements of the Tax Code and of due process.

■ In our case, the order references Valero Energy Corp. while the notice of issuance of order also states that it concerns "Valero Processing Co." Nowhere on the notice and order is the proper name—Valero South Texas Processing Company—used. The order and notice are therefore deficient.

The more serious shortcoming in this proceeding is the fact that the property in question was identified solely by a number assigned unilaterally by the appraisal district, apparently at the time the protest was docketed. The record in this case reflects that Valero Energy Corp., the parent corporation

for Valero South Texas Processing Company, and its subsidiaries owned as many as three dozen properties in Starr County subject to appraisal. Valero entities had five protests pending at the hearing in question. Under these conditions, the potential for confusion is obvious and we find this description wholly inadequate.

We therefore hold this failure to properly identify the property or the taxpayer render this notice insufficient to meet the requirements of section 41.47 of the Tax Code.

■ The appraisal district urges that this error is harmless because Valero's agent was present at the hearing in question, and therefore knew what action was taken on which property. We are not persuaded. The Tax Code requires the Appraisal Review Board to make its decision "by written order." TEX. TAX CODE ANN. § 41.47(a). It is receipt of the notice of issuance of order and the order determining protest by the taxpayer which commences the 45–day period, not the meeting at which the protest is heard. *See, e.g., Dallas Cent. App. Dist. v. Las Colinas Corp.,* 814 S.W.2d 816, 818 (Tex.App.—Dallas 1991), *rev'd on other grounds sub nom. Dallas Cent. App. Dist. v. Seven Inv. Co.,* 835 S.W.2d 75 (Tex.1992). Whatever was said at the meeting therefore cannot affect the question of whether the written notice sent the taxpayer in this case was sufficient to meet the requirements of the Tax Code.

Because we find the requirements of the Tax Code are not met in this case, we find it was improper for the trial court to dismiss Valero South Texas Processing Co.'s petition for want of jurisdiction. *See Herndon Marine v. San Patricio Cty.,* 695 S.W.2d 29, 32 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.).

## CONCLUSION

We reverse the judgment of the trial court and remand. The relevant deadlines affecting the 1993 valuation of the Delmita gas processing plant shall commence to run if the Appraisal Review Board issues a notice and order which comply with this opinion.

It is so ordered.

EXHIBIT "A"

County Appraisal District
P. O. Box 137
Rio Grande City, Texas 78582

PHONE: 512 - 487-5613

.APPRAISAL REVIEW BOARD

FOR THE

STARR COUNTY APPRAISAL DISTRICT

NOTICE OF ISSUANCE OF ORDER

TO: Valero Energy Corp.
% Roy G. Martin Jr.
P.O. Box 1078
San Antonio, Texas 78294

RE: Valero Processing Co.

CASE NO. //

Dear Mr. Martin ,

The Starr County Appraisal Review Board has issued an order on your protest on the above described property.

A copy of this order is enclosed for your inspection. Please contact Jaime Trevino, at the Starr County Appraisal District Office.

Phone (512) 487-5613, if you have questions concerning this matter.

YOU HAVE A RIGHT TO APPEAL THE ORDER TO THE DISTRICT COURT. IF YOU WANT TO APPEAL, YOU SHOULD CONSULT AN ATTORNEY IMMEDIATELY. YOU MUST FILE A NOTICE OF YOUR APPEAL WITH THE CHIEF APPRAISER AT THE ABOVE ADDRESS WITHIN 15 DAYS OF THE DATE YOU RECEIVE THIS NOTICE. A NOTICE OF APPEAL IS INCLUDED WITH THE NOTICE. YOU MAY RETURN IT, OR WRITE A LETTER. YOU SHOULD KEEP A·COPY OF YOUR NOTICE, AND EITHER MAIL THE NOTICE BY CERTIFIED MAIL OR DELIVER IT BY HAND AND HAVE YOUR COPY DATE STAMPED.

ADDITIONALLY, YOU MUST.FILE A PETITION WITH THE DISTRICT COURT WITHIN 45 DAYS OF THE DATE YOU RECEIVE THIS NOTICE. IF YOU DO APPEAL AND YOUR CASE IS PENDING, YOU MUST PAY THE AMOUNT OF TAXES NOT IN DISPUTE OR LAST YEAR'S TAXES, WHICHEVER IS HIGHER, TO EACH TAXING UNIT BEFORE TAXES FOR THE YEAR BECOME DELINQUENT.

July 12, ·1993
DATE

Secretary of Board

EXHIBIT "B"

Appraisal Review Board

Starr County, Texas

Case No. 11

ORDER DETERMINING PROTEST

On July 12 ,19 93 , the Appraisal Review Board of Starr County, Texas, heard the protest of Valero Energy Corp. concerning the appraisal records for tax year 19 93 .

The taxpayer and the chief appraiser appeared. A summary of the chief appraiser's testimony, a list of witnesses, and a list of evidence submitted appear as part of the records of this case.

The taxpayer's notice of protest was filed in time. The Appraisal Review Board found that it had jurisdiction over the case. The Appraisal Review Board delivered written notice of the hearing in the manner required by law.

Having heard the evidence and arguments from both sides, the Appraisal Review Board with a quorum present determined that:

The appraisal records are correct and should not be changed.

The chief appraiser shall make no change to the appraisal records concerning this property.

Signed on July 12 , 19 93

Chairman, Board of Review