**In re U–HAUL INTERNATIONAL, INC.**

**No. 04–02–00335–CV.**

Court of Appeals of Texas, San Antonio.

June 26, 2002.

Rehearing Overruled Aug. 19, 2002.

Jerry L. Rios, Rios & Associates, Houston, Pete P. Gallego, Davis & Wilkerson, P.C., Austin, W. Wendell Hall, Rosemarie Kanusky, Fulbright & Jaworski, L.L.P., San Antonio, Michael C. Boyle, Langley & Banack, Eagle Pass, for appellant.

Claudio Heredia, Marco A. Salinas, Rolando M. Jasso, Knickerbocker, Heredia,

Jasso & Stewart, P.C., Eagle Pass, Scott P. Jones, Jones, Rogers & Navarro, P.C., Thomas H. Crofts, Jr., Christopher A. Lotz, Crofts & Callaway, P.C., M. Stephen Cichowski, Watkins, Cichowski & Gonzalez, P.C., San Antonio, for appellee.

Victor Rodriguez, pro se.

Sitting: SARAH B. DUNCAN, Justice, PAUL W. GREEN, Justice, SANDEE BRYAN MARION, Justice.

PER CURIAM.

This mandamus proceeding arises from a discovery dispute between relator, U-Haul International, Inc. ("UHI"), which is a defendant in an underlying lawsuit, and the real parties in interest, who are the plaintiffs below. We conditionally grant UHI's petition for writ of mandamus.

## BACKGROUND

The plaintiffs sued UHI and three others for injuries arising from an accident involving a tow dolly, which the plaintiffs alleged was designed and manufactured by UHI. A second defendant was towing a car with the tow dolly when the accident occurred. Plaintiffs contended a third defendant owned the tow dolly. The plaintiffs alleged (1) the tow dolly had not been materially altered by the second defendant, (2) the tow dolly was defective and unreasonably dangerous when it left UHI's possession and entered the stream of commerce, and (3) UHI knew that using a loaded tow dolly behind a 1988 Ford LTD would result in an accident that could produce serious death and injury.

After a series of discovery disputes, the trial court issued an order directing UHI to produce any documents, accident reports, and petitions that relate to "tow dollies involved in incidents where the tow dolly was said to fish-tail, swerve, weave, whip, sway, jackknife, or any other means

of describing the tow dolly or tow dolly/tow vehicle combination becoming unstable or uncontrollable" for years 1996 through 2001. The trial court ordered UHI to obtain the documents "from any and all corporations, companies, affiliates, subsidiaries, or other entities within the U-Haul system or U-Haul chain of companies." The order set a deadline of February 27, 2002 at 5:00 p.m., and stated that failure to comply would result in a sanctions hearing set for February 28, 2002. UHI and UHI's insurer, Republic Western Insurance Company ("Republic"), are wholly-owned subsidiaries of Americo, and are, therefore, companies "within the U-Haul system." UHI filed a *motion to reconsider* in which it contended that it could not produce records not within its control. Specifically, UHI asserted that Republic had custody and control of accident claims files and other documents, and that it (UHI) could not force Republic to respond to plaintiffs' discovery request. Plaintiffs did not request documents directly from Republic pursuant to Texas Rule of Civil Procedure 205 until February 27th.

On February 28th, the trial court heard evidence on plaintiffs' motion for sanctions. Plaintiffs argued that UHI and Republic are not independent companies, and UHI could obtain the requested documents from Republic. Plaintiffs asserted that UHI had "defied" the court's order; thus, sanctions under either Texas Rule of Civil Procedure 215.2(b)(3) or (5) were appropriate. Plaintiffs also asked for attorney's fees under subsection (b)(8). UHI presented evidence that it had produced all the documents in its possession; that it had asked Republic for the responsive documents, but Republic refused the request; and it could not force Republic to produce documents because Republic was an independent company. Following the hearing, the court sanctioned UHI, ordering that

the following matters were "established": (1) the design of the tow dolly in question was defective, (2) the tow dolly was unreasonably dangerous, and (3) UHI had notice of the defect. The court also ordered UHI to pay attorney's fees in the amount of $10,400 for failure to comply with its prior orders. On May 7th, UHI filed a petition for writ of mandamus, complaining of the sanctions order. This court requested a response from the respondent and real parties in interest, and ·stayed the trial court's sanction order.

### ANALYSIS

■ Generally, the right to appeal the imposition of a particular discovery sanction is an adequate remedy precluding mandamus relief. *Braden v. Downey*, 811 S.W.2d 922, 928 (Tex.1991) (orig. proceeding). An appellate remedy is not inadequate merely because it might involve more delay or cost than mandamus. *In re Ford Motor Co.*, 988 S.W.2d 714, 721 (Tex. 1998) (orig. proceeding). However, a party will not have an adequate remedy by appeal where the party's ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's discovery order. *Id.*; *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex.1992) (orig. proceeding). It is not enough to show merely the delay, inconvenience, or expense of an appeal; rather, the relator must establish the effective denial of a reasonable opportunity to develop the merits of its case, so that the trial would be a waste of judicial resources. *Walker*, 827 S.W.2d at 843.

Discovery sanctions that terminate or inhibit the presentation of the merits of a party's claims are authorized by Texas Rules of Civil Procedure 215.2 and 215.3. TEX.R. CIV. P. 215.2(b)(1)–(5), 215.3. The effect of such sanctions is to adjudicate claims or defenses, not on their merits, but on the manner in which a party or his attorney has conducted discovery. *Trans-American Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 918 (Tex.1991) (orig. proceeding). One of UHI's defenses is that the tow dolly was not purchased or rented from U–Haul, was probably stolen, and had been altered after it left UHI's possession. We agree with UHI that the trial court's "findings" prevent it from litigating these defenses at trial; therefore, UHI is entitled to seek mandamus relief.

■ UHI asserts the trial court abused its discretion by sanctioning it for not fully responding to a document request that UHI contends should have been addressed to Republic. A party is required to produce only those documents within its "possession, custody, or control." TEX.R. CIV. P. 192.3(b). The plaintiffs had the burden of proving UHI had constructive possession or the right to obtain possession of the requested documents from Republic. *See GTE Communications Sys. Corp. v. Tanner*, 856 S.W.2d 725, 729 (Tex.1993). We conclude that the plaintiffs have not met that burden. Plaintiffs rely on *Home Indemnity Company v. Giles*, 392 S.W.2d 568, 569 (Tex.Civ.App.—Austin 1965, no writ) for the proposition that an insured has the right to obtain its claims file information. However, UHI presented evidence that it had requested the information from Republic, but Republic refused to honor the request. Thus, even if UHI has the right to the files, plaintiffs were still required to prove UHI had the ability to compel Republic to turn over its claims files. Plaintiffs contend UHI and Republic are sibling-companies, and share similar officers and directors; therefore, UHI has the ability to compel Republic to provide the responsive documents.

■ For the purposes of legal proceedings, subsidiary corporations and parent corporations are separate and distinct ·

"persons" as a matter of law and the separate entity of corporations will be observed by the courts even where one company may dominate or control, or even treat another company as a mere department, instrumentality, or agency. *Valero South Texas Processing Co. v. Starr County Appraisal Dist.,* 954 S.W.2d 863, 866 (Tex. App.—San Antonio 1997, pet. denied). Courts are willing to disregard the corporate form when it is used as part of an unfair device to achieve an inequitable result, such as when a corporation is organized and operated as a mere tool or business conduit of another corporation, or when the corporate fiction is resorted to as a means of evading an existing legal obligation. *Castleberry v. Branscum,* 721 S.W.2d 270, 271–72 (Tex.1986). Under the "single business enterprise" doctrine, when corporations are not operated as separate entities, but rather integrate their resources to achieve a common business purpose, each constituent corporation may be held liable for the debts incurred in pursuit of that business purpose. *Old Republic Ins. Co. v. Ex–Im Servs. Corp.,* 920 S.W.2d 393, 395–396 (Tex.App.—Houston [1st Dist.] 1996, no writ). Even if UHI and Republic are closely related, the plaintiffs have not met their burden of proving that UHI and Republic form a single business enterprise. There is no evidence that UHI treats Republic like "a mere department" or that the two companies "integrate their resources to achieve a common business purpose."

We hold that because the plaintiffs did not meet their burden of establishing that UHI has "possession, custody, or control" of the responsive documents, the trial court abused its discretion in sanctioning

UHI as it did. Therefore, the writ is CONDITIONALLY GRANTED. Tᴇx. R.Aᴘᴘ. P. 52.8(c). The Honorable Cynthia Muniz is ORDERED to withdraw her Order Imposing Sanctions Against U–Haul International, Inc. For Its Refusal to Comply With The Trial Court's Order Compelling Responses to Plaintiffs' First Requests For Production Numbers 28–31.[1] If she does not do so within ten days of this order, we will issue the writ.

All costs are assessed against the party who incurred them.

---

1. We understand the trial court's frustration with the on-going discovery dispute between these parties. Although we conditionally grant UHI's petition for writ of mandamus, our disposition here should not be interpreted as an opinion that sanctions in the form of attorney's fees or some other remedy against UHI might not be appropriate on another basis.