**Court of Appeals**
**Fourth Court of Appeals District of Texas**
**San Antonio**



# MEMORANDUM OPINION

No. 04-07-00532-CV

Marzouq **ABDELRAZZAQ**,
Appellant

v.

Maria Del Carmen **ALJARAD**,
Appellee

From the County Court at Law No. 7, Bexar County, Texas
Trial Court No. 316435
Honorable Irene Rios, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Alma L. López, Chief Justice
Phylis J. Speedlin, Justice
Rebecca Simmons, Justice

Delivered and Filed:   October 15, 2008

SANCTION ORDER VACATED; REVERSED AND REMANDED

This appeal arises out of a dissolution of a partnership.  We vacate the trial court's sanction order, reverse the trial court's judgment, and remand to the trial court for further proceedings.

## FACTUAL BACKGROUND

Appellee Maria del Carmen Aljarad and her husband Ahmad Aljarad entered into a partnership agreement with Appellant Marzouq Abdelrazzaq to jointly sell used cars.  Ahmad's main role in the partnership was to contribute capital, while Marzouq operated the business.

Maria was a partner by virtue of Ahmad's involvement and apparently did not participate in the running of the business.

Shortly after the partnership began conducting business, Ahmad became concerned because Marzouq had sold several cars, but apparently could not document those sales. The parties' relationship quickly deteriorated, and they agreed to dissolve the partnership. Accordingly, the parties entered into an oral "buy-sell" agreement by which Marzouq agreed to purchase the Aljarads' partnership interest for approximately $67,000.00 (the approximate amount of Ahmad's capital contribution).

## B. Course of Proceedings

### 1. Claim and Counterclaim

Claiming that Marzouq breached the buy-sell agreement, Maria filed suit against Marzouq. She obtained a temporary injunction restraining Marzouq from a variety of business dealings, and sought a judgment for the remaining amount allegedly owed to her pursuant to the buy-sell agreement. Ahmad was not a party to Maria's action against Marzouq.

Marzouq answered that he fully performed under the agreement. He later filed counterclaims against both Maria and Ahmad seeking an accounting and asserting breach of contract and breach of fiduciary duty claims.[1]

### 2. Discovery and Motion for Sanctions

At a hearing on August 15, 2006, the parties agreed to exchange and expedite discovery as well as the trial setting. Specifically, the parties agreed to exchange bank statements and

---

[1] Ahmad is not listed in the style of Marzouq's notice of appeal. However, Marzouq seeks reinstatement of his counterclaims against Ahmad and Maria and identified Ahmad as a party in his brief. Ahmad is, therefore, a party to this appeal. *See* TEX. R. APP. P. 25.1(b) ("The filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from."); *Dayra, Inc. v. Christian*, 251 S.W.3d 227, 232 (Tex. App.—Dallas 2008, no pet.). Accordingly, while the style of this appeal does not reflect Ahmad's status as a party, he is treated as one in this opinion and in the court's judgment.

Marzouq was to provide records supporting his contention that he worked on cars on behalf of the partnership for which he was not compensated. At the hearing, Marzouq's attorney informed the court that Marzouq "no longer has access to some of the bank books where the parties originally operated . . . and that's going to be germane to whether my client is entitled to an offset or not."

On August 31st, Maria served requests for production and interrogatories on Marzouq, but Marzouq failed to respond by the agreed deadline of September 14th. On September 25th, Maria filed a motion to compel and a motion for sanctions. The hearing was set on September 28th, but later reset to October 5th. Marzouq served a response to the discovery requests on October 5th, which included some responsive documents. According to Maria's counsel, Marzouq provided documents, but they were not what counsel requested. The October 5th hearing was reset first to October 6th, and then to October 19th. There is no record of any hearing on the motion to compel or the motion for sanctions, except the hearing of October 19th when Marzouq's counterclaim was stricken based on discovery abuse.

At the hearing on the motion to compel production and for discovery sanctions, no witnesses testified, the requests for discovery were not introduced, and the hearing consisted of attorney argument. Maria's attorney asserted that Marzouq failed to produce all responsive documents. He specifically stated that he needed an accounting on the cars that were purchased and sold and the copies of slips that would show what work was performed on the car to support Marzouq's offset claim. Maria's counsel reminded the trial court of their prior appearances before the court and the failed promises to produce documents.[2] Apparently based on his prior dealings with Marzouq, Maria's attorney declared that he did not believe Marzouq would comply

_____

[2] According to counsel's recitation at the hearing, the court heard substantive argument about the lack of production during the resetting of the motions. However, there is no record of any such hearings and the docket entry simply reflects a resetting.

with any court order to produce documents. Maria requested the trial court strike Marzouq's counterclaim and enter an order that Marzouq would not be permitted to use any documents or information at trial that had not already been provided to her.

Immediately following Maria's counsel's argument, the trial court granted the sanctions. Recognizing that she had failed to allow a response from Marzouq, she asked Marzouq's counsel if he wanted to say anything. In a very brief response, Marzouq's attorney asked the trial court "to exercise your discretion favorable on behalf of my client, defendant, and give him additional time to comply. I think he has made [a] reasonable attempt to comply, but I ask the Court, once again, to exercise its [discretion] favorably." Marzouq's attorney stated his belief that "if you [the trial court] don't allow [Marzouq] the time to get him any documents and you strike his documents, then basically we don't really have a case."

### 3. The Sanctions Order

At the conclusion of the hearing, the trial court announced that it would grant the motion to compel production and for discovery sanctions. Two weeks later, on the date of trial, the trial court signed an "Order Granting Sanction." This order included a finding that Marzouq had twice before assured the court during hearings that he would comply with the discovery requests, even though the record contains no transcript of any such hearing. The order also recited that Marzouq failed to comply with the court's discovery orders, even though the record contains no court orders regarding discovery other than the Order Granting Sanction. The order further stated that striking Marzouq's counterclaim and limiting his presentation of evidence at trial were "the least restrictive sanctions under the circumstances that would allow [Marzouq] to participate in the trial of this case, and protect the parties' legal rights."

### 4.  Trial and Post-Trial

The parties proceeded to a bench trial.  The trial court later signed a judgment in Maria's favor awarding her $41,973.10 in money damages for Marzouq's breach of the buy-sell agreement.  The trial court also declared that the lease for the property where the partnership conducted business, was not a partnership asset and awarded Maria.  Finally, the court awarded Maria $6,000.00 in attorneys' fees.  The trial court subsequently issued findings of fact and conclusions of law in support of the judgment and denied Marzouq's motion for new trial.  This appeal followed.

## DEATH PENALTY SANCTIONS

We first address Marzouq's allegation that the trial court abused its discretion in granting "death penalty" sanctions based on lack of evidence in the record and the trial court's failure to consider lesser sanctions.

## A.  Standard of Review

A trial court's sanctions order under Texas Rule of Civil Procedure 215.2(b) is reviewed for abuse of discretion.  *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004).  A trial court has no discretion to impose sanctions in the absence of sufficient record evidence.  *Global Servs., Inc. v. Bianchi*, 901 S.W.2d 934, 938 (Tex. 1995) (citing *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 850 (Tex. 1992)).  A party seeking sanctions on the grounds that the opposing party has failed to produce documents within its possession, custody or control has the burden to present evidence supporting such relief.  *Global Servs.*, 901 S.W.2d at 937 (quoting *GTE Commc'ns Sys. Corp. v. Tanner*, 856 S.W.2d 725, 729 (Tex. 1993)).

**B.** **Discovery Sanctions**

Courts recognize that, because direct evidence that a party has withheld documents is seldom available, it may be difficult to prove that a party has withheld documents from discovery. The complaining party may need "to rely entirely upon circumstantial evidence [b]ut an imposition of sanctions cannot be based merely on a party's bald assertions." *Global Servs.*, 901 S.W.2d at 938; *see also Butan Valley, N.V. v. Smith*, 921 S.W.2d 822, 830 (Tex. App.— Houston [14th Dist.] 1996, no writ). The party seeking the sanction must prove, through documentary or testimonial proof as opposed to mere argument of counsel, that the documents exist and are within the opposing party's possession, custody or control. *Butan Valley*, 921 S.W.2d at 830 (citing *Global Servs.*, 901 S.W.2d at 937, and *GTE Commc'ns*, 856 S.W.2d at 729). Findings of fact in a sanctions order that are not supported by record evidence should be disregarded. *See GTE Commc'ns*, 856 S.W.2d at 729 ("[I]t is quite clear that *from the record before it* the district court could not have found that GCSC had possession, custody or control over the [allegedly unproduced document] . . . such that GCSC should have produced it." (emphasis added)).

A sanction may not be excessive. *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991). To ensure that a sanction is not excessive, trial courts "must consider the availability of less stringent sanctions and whether such lesser sanctions would fully promote compliance." *Id*. "The record must reflect that the court considered the availability of lesser sanctions." *GTE Commc'ns*, 856 S.W.2d at 729.

This is especially important when a trial court imposes so-called death penalty sanctions, i.e., sanctions that are case-determinative. *Spohn Hosp. v. Mayer*, 104 S.W.3d 878, 882-83 (Tex.

2003); *Chrysler Corp.*, 841 S.W.2d at 849. Due process bars case-determinative sanctions, such as an order striking pleadings, unless there is a showing of "flagrant bad faith or callous disregard for the rules." *Wheeler v. Green*, 157 S.W.3d 439, 443 (Tex. 2005). "Discovery sanctions cannot be used to adjudicate the merits of a party's claims or defenses unless a party's hindrance of the discovery process justifies a presumption that its claims or defenses lack merit." *TransAmerican*, 811 S.W.2d at 918; *accord Cire*, 134 S.W.3d at 838.

## C.      Analysis

The sanctions order in this case struck Marzouq's counterclaims against Ahmad and Maria. Because this death penalty sanction is not supported by any evidence in the record, the trial court abused its discretion.

### 1.      No Record Evidence.

Marzouq argues that there is no evidence in the record to support the death penalty in the sanctions order. We agree. First, Maria failed to offer her discovery requests and Marzouq's responses into evidence. Without record evidence of the information requested and what was provided in response, there is no way to determine what documents would be responsive and whether Marzouq complied with the discovery requests. *See Global Servs.*, 901 S.W.2d at 937; *GTE Commc'ns*, 856 S.W.2d at 729. Second, Maria produced no evidence that Marzouq had possession, custody, or control of unproduced responsive documents. *Id.* This is particularly important considering Marzouq's counsel's statement to the court at the initial hearing that Marzouq might not have possession of all the requested records. *See GTE Commc'ns*, 856 S.W.2d at 729. Finally, the sanctions hearing consisted solely of argument of counsel, mostly by Maria's attorney. *See Global Servs.*, 901 S.W.2d at 938 ("[I]mposition of sanctions cannot be based merely on a party's bald assertions."). Even if we regard Marzouq's counsel's

request for additional time for his client "to comply" as an admission of failure to produce some documents, there is no evidence of bad faith or callous disregard for the rules. In fact, Marzouq's counsel stated: "I think he has made a reasonable attempt to comply."

It appears from the parties' argument and the court's swift action at the hearing and its findings that there was some "history" to this discovery matter, but there is no record of that history. The sanctions order contains findings that Marzouq had twice before failed to comply with the trial court's order to produce responsive documents. But these findings have no support in the record; therefore, we must disregard them. *See In re Carnival Corp.*, 193 S.W.3d 229, 237 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) (disregarding the trial court's statements that Carnival's conduct was "an ongoing issue and that the trial court had given Carnival prior opportunities to provide proper discovery responses" where the record contained no prior orders and no discussion of "the consideration of lesser sanctions or an explanation of the appropriateness of [case-determinative] sanctions in the absence of prior orders"); *Chrysler Corp.*, 841 S.W.2d at 853 ("[F]indings must be pertinent to the *TransAmerican* standards and supported by the record."). Other than the October 19th hearing, the record is silent regarding any additional hearings on Marzouq's alleged discovery abuse or any written orders reflecting prior attempts at or consideration of lesser sanctions. *Contra In re Carnival*, 193 S.W.3d at 237 ("[T]he *record must reflect* that the trial court considered the availability of appropriate lesser sanctions and must contain an explanation of the appropriateness of the sanctions imposed." (emphasis added)).

Because the record fails to reflect that Maria met her burden to establish flagrant bad faith or callous disregard for the rules by Marzouq, the trial court abused its discretion in imposing a death penalty sanction. *Chrysler Corp.*, 841 S.W.2d at 853; *see also In re U-Haul*

*Int'l, Inc.*, 87 S.W.3d 653, 657 (Tex. App.—San Antonio 2002, orig. proceeding) (disapproving a sanctions order where the plaintiff failed to establish that the complained of party was responsible for failing to produce the responsive documents).

### 2. No Consideration of Lesser Sanctions.

Death penalty sanctions are reserved for the most flagrant cases, where it can be fairly inferred from a party's discovery abuse that the party's claims lack merit. *Cire*, 134 S.W.3d at 840-41 (stating that death penalty sanctions may be imposed without first testing lesser sanctions only in "exceptional cases," and concluding that such sanctions were warranted where the party was ordered three times to produce a merits-determinative recording but instead of producing it, destroyed it). Although the court and parties may have had other hearings on the matter, they are not reflected in the record. We cannot say, therefore, on this record, that this is one of those few "exceptional cases" where the trial court was justified in imposing a death penalty sanction without first testing lesser sanctions. *See id.*; *Weinberger v. Longer*, 222 S.W.3d 557, 569 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

### CONCLUSION

The trial court abused its discretion in striking Marzouq's counterclaims against Ahmad and Maria without any evidence in the record to support such a sanction. Additionally, because the issue of sanctions is dispositive of this appeal, we need not address the issues regarding the trial court's damage awards, the necessity of an accounting, and the segregation of attorneys' fees. *See* TEX. R. APP. P. 47.1 (encouraging concise opinions addressing only those issues "necessary to final disposition of the appeal").

Therefore, the Order Granting Sanction is vacated, the trial court's judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.


Rebecca Simmons, Justice