

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00439-CV

**IN RE UNIVERSITY OF TEXAS AT SAN ANTONIO**

Original Mandamus Proceeding[1]

Opinion by:    Rebeca C. Martinez, Chief Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Patricia O. Alvarez, Justice
Beth Watkins, Justice

Delivered and Filed: January 20, 2021

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Relator filed a petition for writ of mandamus asking this court to compel respondent to vacate her order compelling production of a nonparty's medical records. We conditionally grant the petition.

### FACTUAL AND PROCEDURAL BACKGROUND

On March 7, 2018, Jake Trevino, former University of Texas at San Antonio police officer and chair for the staff council, spoke to Christopher Jimenez, UTSA's mailroom supervisor, concerning a workplace dispute between Jimenez and another employee. Trevino was in his UTSA police uniform but stated that he was acting as the Chairman of the UTSA Staff Council at the time. According to an interview in the UT System Police Administrative Investigation,

---

[1] This proceeding arises out of Cause No. 2019CI10989, styled *Jake R. Trevino v. University of Texas at San Antonio*, pending in the 224th Judicial District Court, Bexar County, Texas. The Honorable Rosie Alvarado, sitting by assignment, signed the order at issue in this proceeding.

Jimenez reported to Inspector Paul Shepherd from the Office of the Director of Police that Trevino stated "before it looks like a bad light is shed on you with the president, I'd like to get your side." Jimenez informed Trevino that he did not want to discuss the matter with him and wanted to speak to employee relations first. Trevino insisted on speaking to Jimenez directly, and Jimenez reiterated to Trevino that he did not feel comfortable speaking to him about the matter.

After the encounter between Trevino and Jimenez, Jimenez sent an email to Tenika Hodge, the former UTSA Relations Advisor, and summarized his conversation with Trevino, stating that he was uncomfortable discussing the matter that Trevino was pressing him about. On March 20, Assistant Chief of Police Daniel J. Kelley served Trevino with a charge letter advising him of several UTSA policies that he allegedly violated. The charge letter stated that "Officer Trevino was in uniform and was attempting to intimidate and bully . . . Jimenez (Mailroom Supervisor) into divulging information regarding a confidential personnel issue." On March 22, Jimenez provided Shepherd with a recorded interview as part of an investigation into Trevino for police misconduct. In the interview, Jimenez reported that he felt intimidated during this encounter with Trevino and that he took the next two days off from work to go to the doctor due to the stress from the encounter.

On July 17, after concluding its investigation of Trevino, UTSA Chief of Police Gerald Lewis terminated Trevino's employment. The termination letter stated that Trevino failed to follow the "use of intimidation" and "conduct and behavior" sections of its policy and procedures. It also stated that the "unauthorized interviewing of the employees involved was deemed intimidating and the conduct inappropriate."

On September 21, Trevino filed a charge of discrimination with the Equal Employment Opportunity Commission contending that he was wrongfully terminated because he engaged in protected activity and opposed unlawful activity. In response, UTSA, relator herein, submitted a

position statement stating that it did not engage in any discriminatory action with respect to Trevino and that the reasons for termination included: Trevino interrogating employees in an intimidating manner against their will; Trevino doing such actions in his police uniform even though he was off duty; and Trevino stating that he knew the employees' background and had reviewed their performance evaluations.

On May 31, 2019, Trevino filed suit against relator alleging that it retaliated against him under Chapter 21 of the Texas Labor Code by terminating his employment. In Trevino's first set of interrogatories, Interrogatory No. 3 asked relator to identify all facts supporting its contention that Trevino violated the "use of intimidation" code of conduct. Relator's response stated:

> Mr. Trevino wore his police uniform when he spoke with Mr. Salinas and Mr. Jimenez. Both individuals noted that it was their belief that Mr. Trevino was attempting to intimidate them by noting that he was the Chair of Staff Council. Mr. Trevino noted that he was meeting with the President to Mr. Jimenez. Mr. Jimenez noted that he needed to take the next two days off because he was stressed out over the meeting with Mr. Trevino. Mr. Jimenez further indicated that he was intimidated because he knew Mr. Trevino was trying to siphon information from him for his own use. Mr. Trevino also said that he evaluated Mr. Jimenez's co-workers claims and decided that she had good claims against Mr. Salinas and Mr. Jimenez. Defendants have produced the May 21, 2018 Investigation.

Then, in Trevino's second set of requests for production, he requested from relator a "copy of all documents, payroll records, timecards, time sheets, attendance records, letters, correspondence, faxes, electronic mail, and text messages showing that" Jimenez took two days off from work because of the stress from his encounter with Trevino. Relator produced time records showing the days Jimenez took off from work and produced a doctor's note showing that Jimenez used sick leave during the days he took off. Relator then objected that the request was overbroad, sought information that may be protected by the Health Insurance Portability and Accountability Act and the Texas Medical Privacy Act, was not relevant nor reasonably calculated to produce admissible evidence, and sought protected information relating to leave based on

medical reasons. Relator then supplemented its objections asserting that the personal medical records of Jimenez were not in its possession, custody, or control and alternatively asserted the doctor-patient privilege. Trevino filed a motion to compel these documents and sought an order from the trial court overruling relator's objections, ordering relator to produce the requested documents, ordering an in-camera inspection of relevant records, ordering entry of a protective order allowing the production of the records under seal, and ordering relator's employees, including Jimenez, to answer deposition questions regarding the subject matter. In the alternative, Trevino requested the trial court strike relator's pleadings and/or defenses thereby prohibiting it from relying on Jimenez's allegations of emotional trauma as the basis for its legitimate non-discriminatory reason to discharge him. The trial court held a hearing and overruled relator's assertion of privilege and motion for protective order and ordered the parties to enter into an agreed protective order for the disclosure of the documents.

Relator filed its petition for writ of mandamus challenging the order on August 27, 2020, and this court issued a stay of the discovery order pending the outcome of this original proceeding. Trevino filed a response, to which relator replied. In its petition, relator argues the trial court abused its discretion in entering the order, but only complains of the order to the extent it can be construed as requiring relator to produce Jimenez's medical records. Relator contends, among other issues, that the trial court abused its discretion because it does not have possession, custody, or control of Jimenez's medical records.

## STANDARD OF REVIEW

Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion when there is no other adequate remedy at law. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). To satisfy the clear abuse of discretion standard, the relator must show "the trial court could reasonably have reached only one decision." *Liberty Nat'l*

*Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (orig. proceeding) (quoting *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ." *Walker*, 827 S.W.2d at 840. "[A] party will not have an adequate remedy by appeal when the appellate court would not be able to cure the trial court's discovery error." *Id.* at 843.

## POSSESSION, CUSTODY, AND CONTROL

In its first issue, relator argues the trial court abused its discretion by ordering production of documents that are not within its "possession, custody, or control" under Texas Rule of Civil Procedure 192.3. *See* TEX. R. CIV. P. 192.3. In his motion to compel and in his response to relator's petition for writ of mandamus, Trevino asserts that relator and Jimenez waived any privilege related to the requested medical records because Jimenez voluntarily disclosed the documents to relator, and that relator relies on Jimenez's physical, mental, or emotional condition as part of its claims and defenses in discharging Trevino.

Texas Rule of Civil Procedure 192.3(a) provides: "In general, a party may obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action . . . " *Id.* R. 192.3(a). Rule 192.3(b) provides:

> A party may obtain discovery of the existence, description, nature, custody, condition, location, and contents of documents and tangible things . . . that constitute or contain matters relevant to the subject matter of the action. A person is required to produce a document or tangible thing that is within the person's possession, custody, or control.

*Id.* R. 192.3(b).

"*Possession, custody, or control* of an item means that the person either has physical possession of the item or has a right to possession of the item that is equal or superior to the person

who has physical possession of the item." *Id.* R. 192.7(b) (emphasis in original). The party seeking production has the burden of proving that the relator has constructive possession or the right to obtain possession of the requested documents. *See GTE Commc'ns Sys. Corp. v. Tanner*, 856 S.W.2d 725, 729 (Tex. 1993) (orig. proceeding); *In re U-Haul Int'l*, 87 S.W.3d 653, 656 (Tex. App.—San Antonio 2002, orig. proceeding). A party may request that another party to the pending action produce a document or tangible thing. TEX. R. CIV. P. 196.1(a). Texas Rule of Civil Procedure 205 governs discovery from nonparties, including a request for production of a document or tangible thing. *See id.* R. 205.1.

Here, the compelled documents are not within relator's possession, custody, or control. *See id.* R. 192.3(b), 192.7(b).[2] Relator does not have physical possession of Jimenez's medical records and, as Jimenez's employer, does not have a right to possession that is equal or superior to Jimenez's control of his own medical records. *See id.* R. 192.7(b); *Tanner*, 856 S.W.2d at 729 ("The right to obtain possession is a legal right based upon the relationship between the party from whom a document is sought and the person who has actual possession of it.").

Trevino argues that even if relator does not have physical possession of Jimenez's medical records, it has a duty to obtain and produce the documents. However, the circumstances that obligate a party to obtain documents it does not possess do not exist here. *Cf. In re Summersett*, 438 S.W.3d 74, 82 (Tex. App.—Corpus Christi–Edinburg 2013, orig. proceeding) (denying mandamus relief on an order compelling discovery of documents where relator was the president of a company and had an equal or greater right to non-confidential employee documents). Relator does not have constructive possession of the documents nor does it have a greater right to

---

[2] Trevino asserts that relator failed to object to its lack of "possession, custody, or control" of the documents. The record includes relator's first amended supplemental objections and responses to Trevino's second request for production, wherein relator objected that the personal medical records of Jimenez were not in its possession, custody, or control and, alternatively, asserted the doctor-patient privilege.

Jimenez's confidential medical records. *See* TEX. HEALTH & SAFETY CODE ANN. § 611.002(a) ("Communications between a patient and a professional, and records of the identity, diagnosis, evaluation, or treatment of a patient that are created or maintained by a professional, are confidential."); TEX. OCC. CODE ANN. § 159.002(a)–(b) (stating that communications between a physician and a patient, records of the patient's identity, diagnosis, evaluation, or treatment are confidential and privileged). Trevino, as the party seeking production, has failed to meet his burden of proving that relator has constructive possession or the greater right to obtain possession of the requested documents. *See Tanner*, 856 S.W.2d at 729; *U-Haul Int'l*, 87 S.W.3d at 656.[3]

Therefore, the trial court abused its discretion by ordering the disclosure of documents that are not within relator's "possession, custody, or control." *See* TEX. R. CIV. P. 192.3(b), 192.7(b); *Kuntz*, 124 S.W.3d at 184.[4] Relator also does not have an adequate remedy by appeal. *See Kuntz*, 124 S.W.3d at 181 ("A party will not have an adequate remedy by appeal when the appellate court would not be able to cure the trial court's discovery error." (citing *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 942–43 (Tex. 1998) (orig. proceeding))); *see also In re Weekley Homes, L.P.*, 295 S.W.3d 309, 322 (Tex. 2009) (orig. proceeding) (stating that mandamus is appropriate when the trial court compels production beyond the permissible bounds of discovery).

## CONCLUSION

For the reasons stated above, we conclude the trial court abused its discretion by compelling disclosure of Jimenez's medical records and relator does not have an adequate remedy

---

[3] A party to a suit may seek nonparty production of documents in the nonparty's possession, and a nonparty may move for a protective order. *See* TEX. R. CIV. P. 205; *see also* TEX. R. CIV. P. 176.6(e), 192.6(a) ("A person from whom discovery is sought, and any other person affected by the discovery request, may move . . . for an order protecting that person from the discovery sought."); *In re Kuntz*, 124 S.W.3d 179, 184 n.4 (Tex. 2003) (orig. proceeding) (noting that the plaintiff may seek production of the documents directly from the nonparty owner under Texas Rule of Civil Procedure 205).

[4] We therefore need not address relator's other issues. *See* TEX. R. APP. P. 47.1.

at law.  *See Kuntz*, 124 S.W.3d at 184; *Walker*, 827 S.W.2d at 843.  Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court, no later than fifteen days from the date of this opinion, to vacate the portion of its August 27, 2020 order granting in part Trevino's motion to compel relator to disclose Jimenez's medical records.

Rebeca C. Martinez, Chief Justice