**In re AMERICAN HOME ASSUR-
ANCE COMPANY, et al.**

No. 06–02–00084–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Aug. 8, 2002.

Decided Aug. 27, 2002.

Thomas C. Wright, The Wright Law Firm, Houston, Michael A. Hatchell, Molly H. Hatchell, Hatchell, PC, Keith W. Starr, Mayo, Mendolia & Starr, Tyler, Don Swaim, Kern & Wooley, LLP, Irving, for relators.

Michael S. Gardner, William A. Brewer III, Bickel & Brewer, Scott L. Davis, Gardere, Wynne & Sewell, LLP, Gordon K. Wright, Cooper & Scully, PC, Scott R. Hoyt, Gibson, Dunn & Crutcher, LLP, Dallas, Doyle W. Curry, Curry & Morin, LLP, Marshall, Brian S. Martin, Thompson, Coe, Cousins & Irons, LLP, Christopher W. Martin, Martin, Disiere & Jefferson, LLP, Houston, for real parties in interest.

Before MORRISS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Relators seek review by mandamus of a discovery order of the trial court in Cause Number 93–0127, *R.S.R. Corp., et al. v. A.I.U. Ins. Co., et al.*, in the 71st Judicial District Court of Harrison County, Texas ("the underlying litigation"). Relators are 1) American Home Assurance Company; 2) Granite State Insurance Company; 3) Insurance Company of the State of Penn-

sylvania; 4) Lexington Insurance Company; and 5) National Union Fire Insurance Company of Pittsburgh, Pennsylvania (collectively "American Home"), defendants in the underlying litigation. Also entering an appearance as a Relator, but represented by separate counsel, is Gibraltar Casualty Company ("Gibraltar"), also a defendant in the underlying litigation. Respondent is the Honorable Bonnie Leggat, Judge of the 71st Judicial District Court of Harrison County. The real parties in interest are R.S.R. Corporation, et al. ("RSR"), plaintiffs in the underlying litigation.[1]

On May 22, 2002, the trial court issued its "Amended Order," which pertained to discovery in the underlying litigation. Relators' Petition for Writ of Mandamus and Request for Temporary Relief were filed. In their Request for Temporary Relief, Relators sought to stay enforcement of the Amended Order and to stay further depositions of their representatives by the real parties in interest, pending this court's determination. Our order granting the requested temporary relief was issued on June 18, 2002. It has been called to this court's attention that on July 23, 2002, allegedly without notice and an opportunity of Relators to be heard, the trial court issued a Second Amended Order, a copy of which is attached to this opinion as Exhibit A. Relators contend the amended order, designated as "Second Amended Order," also constitutes an abuse of discretion on the part of the trial court, and they also seek mandamus relief from the second order. In the interest of judicial economy, we shall consider their Petition for Writ of Mandamus as also applicable to the "Second Amended Order."

---

1. Additional parties in the underlying litigation have joined American Home's petition: Gibraltar Casualty Company, United States Fire Insurance Company, and International Insurance Company.

## The Disputed Discovery

In 2001 RSR served discovery motions on the defendant insurers. On December 3, 2001, RSR moved the trial court to compel the defendants to produce the requested information. Thereafter, on January 9, 2002, RSR served additional discovery which went unanswered. RSR filed an additional Motion to Compel on February 20, 2002. A hearing on this motion was held off the record on March 7, 2002, at which the trial court directed production of requested materials, except for those documents protected by the attorney-client or work-product privilege. On May 1, 2002, the trial court conducted an on-the-record hearing regarding the requested discovery. Thereafter, on May 22, 2002, the trial court issued its "Amended Order."

In their petition, Relators object both to the language of the Amended Order itself, as well as to the subject matter and scope of the discovery ordered, as irrelevant, unduly burdensome, and privileged.

■ A discovery order compelling overly-broad discovery well outside the bounds of proper discovery is an abuse of discretion for which mandamus is the proper remedy. The party from whom such overly-broad discovery is ordered has no adequate remedy at law. *K Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431–32 (Tex.1996).

## Proper Scope of Discovery

The Rules of Civil Procedure impose two general limitations on discovery: 1) it must not be privileged; and 2) it must be relevant to the subject matter of the pending action, claim, or defense. The information sought must be reasonably calculated to lead to the discovery of admissible evi-

dence. TEX.R. CIV. P. 192.3(a). Discovery does have limitations imposed by the rules. The court may limit discovery if it determines that the discovery requests are: (a) unreasonably cumulative or duplicative, or obtainable from some other source that is more convenient, less burdensome, or less expensive; or (b) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case. TEX.R. CIV. P. 192.4(a), (b). The rules also protect from unlimited discovery so-called "work product," which is defined as: "core work product," i.e., the work product of an attorney or his or her representative, containing the attorney's or representative's "mental impressions, opinions, conclusions, or legal theories," which are not discoverable; and "other work product," discoverable only on a showing of substantial need and undue hardship on the part of the party seeking discovery. TEX.R. CIV. P. 192.5(b)(1), (2).

 In *In re Alford Chevrolet–Geo,* 997 S.W.2d 173, 180 (Tex.1999), the Texas Supreme Court set forth a summary of its recent decisions regarding the scope of discovery, and we quote extensively from that opinion and include the caselaw cited by the Court:

The primary objective of discovery is to ensure that lawsuits are "decided by what the facts reveal, not by what facts are concealed." *Jampole v. Touchy,* 673 S.W.2d 569, 573 (Tex.1984)....

In practice, however, discovery is not only "a tool for uncovering facts essential to accurate adjudication," but also "a weapon capable of imposing large and unjustifiable costs on one's adversary." Frank H. Easterbrook, Comment, *Discovery as Abuse,* 69 B.U.L.REV. 635, 636 (1989). *Discovery is often the most significant cost of litigation. See* Wayne D. Brazil, *Views From the Front Lines: Observations by Chicago Lawyers About the System of Civil Discovery,* 1980 AM. B. FOUND. RES. J. 219–229. *Because the costs of compliance are usually borne solely by the replying party, a requesting party improves its bargaining position by maximizing those costs. See* Easterbrook, *supra,* at 636 ("*Litigants with weak cases have little use for bringing the facts to light and every reason to heap costs on the adverse party.... The prospect of these higher costs leads the other side to settle on favorable terms.")....*

*First, discovery requests must be reasonably tailored to include only matters relevant to the case. See In re American Optical Corp.,* 988 S.W.2d 711, 712 (Tex.1998); *Texaco, Inc. v. Sanderson,* 898 S.W.2d 813, 814 (Tex.1995) [Footnote 1, see, *infra* ]. Second, discovery may not be used as a fishing expedition or to impose unreasonable discovery expenses on the opposing party. *See K Mart Corp. v. Sanderson,* 937 S.W.2d 429, 431 (Tex.1996); *In re Time Warner Inc. Sec. Litig.,* 9 F.3d 259, 263 (2d Cir.1993). Third, a court may "in the interest of justice," issue a protective order to "protect the movant from undue burden, unnecessary expense, harassment, annoyance, or invasion of personal, constitutional, or property rights." TEX.R. CIV. P. 192.6(b). The new discovery rules explicitly encourage trial courts to limit discovery when "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." TEX.R. CIV. P. 192.4(b). Although a trial court has broad discretion to schedule and define the scope of discovery, it can abuse its discretion by acting unreasonably. *See*

*In re Colonial Pipeline Co.,* 968 S.W.2d 938, 941 (Tex.1998). A party resisting discovery, however, cannot simply make conclusory allegations that the requested discovery is unduly burdensome or unnecessarily harassing. The party must produce some evidence supporting its request for a protective order. *See Garcia v. Peeples,* 734 S.W.2d 343, 345 (Tex.1987); *Independent Insulating Glass/Southwest, Inc. v. Street,* 722 S.W.2d 798, 802 (Tex.App.-Fort Worth 1987, writ dism'd).

*Id.* (emphasis added).

■ We also reproduce footnote 1, from above:

In several recent cases, we have reviewed discovery requests challenged as overbroad and explained the relation to the requirement that discovery be reasonably tailored to include only relevant matters. We have identified as overbroad requests encompassing time periods, products, or activities beyond those at issue in the case in other words, matters of questionable relevancy to the case at hand. This kind of review can generally be done on close examination of the pleadings and specific claims and defenses made, *and it is clear that the sheer volume of a discovery request does not in itself render the request irrelevant or overbroad as a matter of law. See In re American Optical Corp.,* 988 S.W.2d at 713 (in asbestos case, request for production of nearly every document the defendant had ever produced on any of its products over the course of its fifty years in business held overbroad and of questionable relevancy); *K Mart Corp.,* 937 S.W.2d at 431 (in case involving the plaintiff's abduction from the defendant's parking lot, request for description of all criminal conduct at the location during the preceding seven years held overbroad); *Dillard Dep't Stores,*

*Inc. v. Hall,* 909 S.W.2d 491, 492 (Tex. 1995) (in case of false arrest at a Houston department store, request for every claims file or incident report from every store in the company's chain involving false arrest, civil rights violations, and use of excessive force held overbroad); *Texaco,* 898 S.W.2d at 814–15 (in case involving exposure to toxic chemicals that allegedly caused asbestos-related disease, request for "all documents written by [defendant's safety director] that concern[ed] safety, toxicology, and industrial hygiene, epidemiology, fire protection and training" held overbroad); *General Motors Corp. v. Lawrence,* 651 S.W.2d 732, 734 (Tex.1983) (in case involving allegedly defective fuel filler necks in a particular model truck, requests concerning fuel filler necks in every vehicle ever made by General Motors held overbroad).

*Id.* at 180–81 (emphasis added).

### *Relief Sought by Plaintiffs*

With these principles in mind, we examine first the relief sought by plaintiffs. In its Ninth Amended Petition, RSR alleges that defendants, among them, Relator American Home, insured RSR with policies providing coverage for environmental liability, but then refused to indemnify RSR for such claims made on the policies.

RSR seeks recovery under the following legal theories: breach of contract; regulatory estoppel; equitable estoppel; quasi-estoppel; fraud; negligent misrepresentation; violation of Tex. Ins.Code Ann. art. 21.21 (Vernon 1981 & Supp.2002); violation of Tex. Ins.Code Ann. art. 21.55 (Vernon Supp.2002); civil conspiracy; defendant International Insurance Company's violation of Tex. Ins.Code Ann. art. 21.21; defendant International Insurance Company's breach of contract; reformation of liability insurance policies to provide cov-

erage for environmental claims; declaratory relief; and attorney's fees. The prayer for relief seeks declaratory relief, actual, compensatory and consequential damages of not more than $1.4 billion, punitive and treble damages, and attorney's fees.

### Relators' Objections to the Discovery Order

Relators raise two general lines of argument:

1. The language of the trial court's order is contrary to the rules of discovery because it only permits Relators to raise objections based on attorney-client privilege and attorney work product;

2. The trial court's discovery order permits plaintiffs/real parties in interest to conduct discovery of matters not relevant to the lawsuit, and also permits them to engage in a "fishing expedition," meaning discovery in search of evidence *of a claim*, as opposed to discovery in search of evidence to support or oppose a claim.

### The Second Amended Order

In its Second Amended Order, the trial court specifically overruled all objections to the requested discovery except objections based on attorney-client privilege and attorney work product. A special master was appointed to review those objections. Except for those items subject to these specific privileges, the Second Amended Order provides that all documents requested by the real parties in interest from Relators, and all related information sought in deposition by the real parties in interest, must be produced or disclosed. The original Amended Order made no reference to other objections and appears to preclude Relators from raising any objec-

tion to any discovery except those privileges specifically permitted. The Second Amended Order reflects the position taken by the real parties in interest at oral argument, i.e., all other objections were overruled. As the order in place no longer appears to preclude the raising of permissible objections, Relators' first request for relief is moot.

This court recognizes that discovery is based on the pleadings. In the present case, the pleadings focus on the "pollution exclusion" clause of the insurance policies involved.

The "pollution exclusion" has been addressed in Texas law in *Nat'l Union Fire Ins. Co. v. CBI Indus., Inc.*, 907 S.W.2d 517, 519 (Tex.1995). CBI was sued as a result of damages and injuries suffered due to an accident at the Marathon Refinery in Texas City, Texas, caused by the spillage of hydrofluoric acid. When the claims against CBI were tendered to the insurers, coverage was denied, precipitating the lawsuit. The insurers moved for summary judgment before discovery, arguing that the exclusion provisions precluded coverage as a matter of law, and the trial court granted the motion. The Texas Supreme Court held that the provisions of the insurance policy are to be interpreted according to the law of contracts, *id.* at 520, and that the extrinsic evidence sought to be introduced by CBI, the insured, representations made by insurance company representatives to the Texas State Board of Insurance as to the meaning of these provisions,[2] was not admissible:

> Extrinsic evidence may, indeed, be admissible to give the words of a contract a meaning consistent with that to which

---

**2.** *See Nat'l Union Fire Ins. Co. v. CBI Indus., Inc.*, 907 S.W.2d 517, 519 n. 3 (Tex.1995), regarding statements made by a representative of an insurance company in 1985 to the State Board of Insurance that there was no intention to have these exclusions read in such a restrictive manner.

they are reasonably susceptible, i.e., to "interpret" contractual terms. *If the contract language is not fairly susceptible of more than one legal meaning or construction, however, extrinsic evidence is inadmissible to contradict or vary the meaning of the explicit language of the parties' written instrument.* *Id.* at 521 (emphasis added). *See Lopez v. Munoz, Hockema & Reed,* 22 S.W.3d 857, 861 (Tex.2000) (the question of whether a contract is ambiguous is a question of law for the court, and where the contract language can be given a definite legal meaning, and is not readily susceptible to more than one meaning, it is unambiguous). The *CBI* holding that "pollution exclusion" provisions are unambiguous has also been adopted or reaffirmed in other opinions.[3]

■ Because the language of the pollution exclusion was clear and susceptible to only one possible interpretation, and the court held there were no ambiguities, there were no factual issues meriting discovery. *CBI,* 907 S.W.2d at 522. The court in *CBI* also held that parol evidence is not admissible for the purpose of creating an ambiguity. *Id.* at 520. Further, discovery undertaken with the purpose of finding an issue, rather than in support of an issue already raised by the pleadings, would constitute an impermissible "fishing expedition" under the cases cited in *Alford Chevrolet–Geo.*

Even though relief under theories other than breach of contract are sought by the plaintiffs in the present litigation, all of them require that the court interpret the "pollution exclusion" provision of each of the liability insurance policies in question. For example, even the allegations of fraud made in the petition allege that the insurers made fraudulent representations to insurance regulators of the meaning of the pollution exclusion provision, not that the insurers committed fraud by selling the liability policies to RSR and its affiliates.

■ If the court determines that the provision in question is not ambiguous, the discovery will be limited, because evidence would not be admissible that would conflict with the legal interpretation of that provision. We also recognize that the Texas Supreme Court decision in *CBI,* as well as other cases interpreting similar provisions, were rendered since this lawsuit was originally filed.

In the present case, however, our court is not in a position to determine the possible ambiguity or interpretation of the policies in question because the question of ambiguity is not properly before the court at this time. The contracts would have to be placed into evidence in order for this court to construe them by looking at the specific language of the various contracts and the contracts in their entirety. We believe that this issue should be placed before the trial court, in order that the

---

3. *See Kelley–Coppedge, Inc. v. Highlands Ins. Co.,* 980 S.W.2d 462, 464–65 (Tex.1998); *Zaiontz v. Trinity Universal Ins. Co.,* No. 04–01–00329–CV, 2002 WL 753815, at *5, 2002 Tex.App. LEXIS 2981, at *14–17 (Tex.App.-San Antonio Apr. 30, 2002, no pet. h.); *see also Certain Underwriters at Lloyd's London v. C.A. Turner Constr. Co.,* 112 F.3d 184, 187–88 (5th Cir.1997); *Int'l Ins. Co. v. RSR Corp.,* No. 3:00–CV–0250–P, 2002 WL 493121, at *9–11, 2002 U.S. Dist. LEXIS 5337, at *26–31 (N.D.Tex. Mar. 27, 2002) (case involving same parties as this mandamus action); *Matador Petroleum Corp. v. St. Paul Surplus Lines Ins. Co.,* No. 3:96–CV–1697–G, 1997 WL 538755, at *1, 4, 1997 U.S. Dist. LEXIS 22164, at *2–3, 11 (N.D.Tex. Aug. 26, 1997); *Deni Assocs. of Fla., Inc. v. State Farm Fire & Cas. Ins. Co.,* 711 So.2d 1135, 1137–40 (Fla.1998); *TWA, Inc. v. Associated Aviation Underwriters,* 58 S.W.3d 609, 622 (Mo.App. E.D.2001) (does not cite *CBI,* but same holding). *Contra, Am. States Ins. Co. v. Koloms,* 177 Ill.2d 473, 227 Ill.Dec. 149, 687 N.E.2d 72 (1997); *Doerr v. Mobil Oil Corp.,* 774 So.2d 119 (La.2000).

proper scope of discovery may be addressed. Until such time as the ambiguity issue is addressed by the trial court, we are limited to looking at the Second Amended Order issued by the trial court.

According to the pleadings, one of the primary issues in this case is the interpretation of "pollution exclusion" in the insurance policies issued by Relators, the interpretation of which was utilized by Relator insurers to deny coverage to RSR on its environmental claims.

■ The parties agreed at oral argument that we should address the Second Amended Order issued by the trial court on July 23, 2002. We first order the trial court to conduct a hearing on the Second Amended Order so that the parties who did not have notice of this proposed amended order can present evidence and arguments to the trial court on matters that have been altered by the amendments to the order. In addition to the trial court addressing these matters, we order the following:

Paragraphs 1 and 5 of the Second Amended Order present proper, relevant matters for discovery, subject to the privilege review provided in Paragraph 7.

■ Paragraph 4, requiring documentation and deposition information regarding the setting of reserves for third-party claims against the plaintiffs is improper because the information sought is not admissible and would not lead to the discovery of admissible evidence.

Discovery of the information allowed in Paragraphs 2 and 6 of the Second Amended Order is permissible only if the trial court finds, as a matter of law, that the pollution exclusion provisions of the policies in question are ambiguous, subject to the privilege review of Paragraph 7.

Discovery allowed in Paragraph 3 of the Second Amended Order should be limited by a clear definition as to the term "by or against Texans." For example, this definition should state whether it is applicable to a Texas corporation or corporations authorized to do business in Texas, as well as clarify whether it applies to only Texas residents living in Texas at the applicable time or to Texas residents even though they were outside Texas at the time of the claims.

We conclude the trial court erred by failing to narrow the scope of the discovery as set forth above. The discovery orders are set aside. The Petition for Writ of Mandamus is therefore conditionally granted. The writ will issue only if the trial court fails to take appropriate action in accordance with this opinion.

EXHIBIT A

THE LAW OFFICES OF
CURRY & MORIN, L.L.P.

DOYLE CURRY
BRAD MORIN
JENNIFER TRUELOVE

201 W. HOUSTON
P.O. BOX 2065
MARSHALL, TEXAS 75671

(903) 927-2257
(903) 935-0797
FAX (903) 935-0799

July 23, 2002.

The Honorable Judge Bonnie Leggat 71st Judicial District of Texas Harrison County Courthouse 200 West Houston Suite 219 Marshall, Texas 75670

RE: RSR Corp. et al. v. A.I.U.
Insurance Co., et al.; Cause
No. 93–0127

Dear Judge Leggat:

We are enclosing a proposed Second Amended Order which we ask that you enter to replace your previous Order that is the subject of Defendants' mandamus effort.

The reply brief furnished by Defendants indicates they are interpreting the Court's Order more broadly than we do and fear the broader interpretation.

This amended order is more specific and narrower and still seeks the information and material we want.

We believe that entering this Order will allay their fears and still get what we need while ending the delay caused by the mandamus effort.

Yours truly,

/s/ Doyle Curry
　　Doyle Curry

DC:lm

Enclosure as stated

cc: All counsel via facsimile

Cause No. 93–0127

RSR CORPORATION, et al.

vs.

AIU INSURANCE COMPANY, ET AL

IN THE DISTRICT COURT

HARRISON COUNTY, TEXAS

71ST JUDICIAL DISTRICT

### SECOND AMENDED ORDER

Upon consideration of plaintiffs' motions to compel and defendants' oppositions thereto and of each of defendants' objections and supporting evidence to each of plaintiffs' discovery requests, it is ordered that each of defendants' objections, except those based on an attorney-client or work product privileges are overruled. Accordingly, with respect to the categories set forth below in items (1) to (6) all documents that have been requested by plaintiffs of defendants and all related information sought in deposition by plaintiffs must be produced and/or disclosed by defendants unless specifically covered by an attorney-client or an attorney work product privilege.

Specifically, unless specifically covered by one of the aforementioned privileges, complete production and disclosure is ordered regarding the following categories of discovery (oral and written).

(1) all communications regarding plaintiffs and/or their claims between or among defendants and their reinsurers of plaintiffs' claims;

(2) the insurers' deliberations in drafting the policy forms that were issued to plaintiffs including pertinent communications with the insurers' principal trade associations with respect to each of the policy provisions that have been addressed by any party in any pleading or discovery response in this action, including specifically, pollution exclusions, insuring agreements, and definitions of terms at issue;

(3) the insurers' handling of environmental third-party liability claims made by or against Texans in the same time periods as the claims against plaintiffs (i.e., from 1982 to 2001);

(4) the insurers' setting of reserves for the coverage of the third-party claims against the plaintiffs;

(5) policies, procedures, and guidelines governing the insurers' processing of claims against the plaintiffs;

(6) communications with Texas regulators about pollution coverage and/or the forms used for the insurance policies issued to the plaintiffs to the extent those communication

concern any of the policy terms put into issue by any party's pleading or discovery responses;

(7) all matters of privilege will be considered by Master Joe Clayton as previously agreed by the parties.

If defendants have previously produced certain responsive documents, then the defendants need only state that a responsive document has already been produced and identify it sufficiently, so that plaintiffs can identify it.

Signed and entered the ＿＿ day of ＿＿＿＿＿＿, 2002.

＿＿＿＿＿＿＿＿

Judge Presiding