**Petition for Writ of Mandamus Conditionally Granted in Part and Denied in Part, and Majority and Dissenting Opinions filed January 7, 2021.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

## NO. 14-20-00430-CV

## IN RE ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**11th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-18291**

## M A J O R I T Y   O P I N I O N

In this original proceeding, relator Allstate Fire and Casualty Insurance Company seeks mandamus relief from the trial court's orders compelling a deposition of relator's corporate representative on several topics related to the plaintiff's claim for underinsured motorist ("UIM") coverage. *See* Tex. Gov't Code

§ 22.221; *see also* Tex. R. App. P. 52. We conditionally grant the petition in part and deny it in part.

## Background

Plaintiff and real party in interest, Reynaldo Arredondo, was involved in a motor vehicle accident with Daniel Guzman. Arredondo asserted a claim for personal injuries against Guzman, which Guzman and his automobile insurance carrier settled before Arredondo filed suit.

Arredondo was insured under an automobile insurance policy issued by Allstate. The parties agree that the policy provides for UIM coverage. Generally, Texas UIM coverage provides for "payment to the insured of all sums which he shall be legally entitled to recover as damages from owners or operators of underinsured motor vehicles because of bodily injury or property damage in an amount up to the limit specified in the policy, reduced by the amount recovered or recoverable from the insurer of the underinsured motor vehicle." *Brainard v. Trinity Univ. Ins. Co.*, 216 S.W.3d 809, 812 (Tex. 2006).

Arredondo filed this lawsuit against Allstate, seeking a declaratory judgment that he is entitled to UIM benefits under the Allstate policy and the amount of benefits. The petition included allegations that Guzman's negligence caused the accident and that Arredondo was injured as a result. Arredondo asserted neither breach of contract nor extra-contractual claims. Allstate answered with a general denial. Allstate did not assert any affirmative defenses but stated in its answer that the policy contains conditions and exclusions that Allstate does not waive.

Arredondo subsequently noticed the deposition of Allstate's corporate representative on the following twelve topics:

2

1. Facts surrounding Plaintiff's claims;
2. Validity and specifics of the insurance policy sold to Plaintiff;
3. Plaintiff's rights under the insurance policy at issue;
4. Requirements for coverage and payment under the policy;
5. Investigation of Plaintiff's claims;
6. Reason(s) for denying or limiting Plaintiff's claims;
7. Defendant's investigation of the tortfeasor;
8. Defenses raised in any of Defendant's live pleadings;
9. Possible defenses not yet raised in Defendant's live pleadings;
10. Damage model proposed by Defendant;
11. Process of determining liability and amount of damages in this claim; and
12. Settlement negotiations in this case.

Allstate filed a motion to quash the deposition. The deposition should be quashed, Allstate asserted, because: (1) the deposition of its corporate representative is not reasonably calculated to lead to the discovery of admissible evidence in Arredondo's UIM case; (2) no one at Allstate has personal knowledge about the facts of the accident or Arredondo's claimed damages; (3) its handling of Arredondo's claim is not at issue and, in any event, will not be ripe until liability and damages have been established in the accident case; and (4) the work product of a corporate representative designated by Allstate is protected under the work product privilege.

Arredondo filed a response and an amended response to the motion to quash. In his amended response, Arredondo argued that: (1) he is entitled to a corporate representative deposition in a UIM case under Texas law, because an inability to depose a representative of the only defendant impairs his ability to prove the relevant facts necessary to trigger UIM coverage; (2) the representative's asserted lack of

personal knowledge is not a proper objection; and (3) not all of Allstate's investigation is privileged.

The trial court held a hearing on Allstate's motion to quash on January 6, 2020 and denied Allstate's motion that day. Counsel later communicated about available deposition dates, and during the conversation Allstate's counsel advised that he intended to seek rehearing with the trial court and, if necessary, file for mandamus relief in the court of appeals.

On February 10, 2020, Arredondo served another notice to take the deposition of Allstate's corporate representative. Allstate filed a timely motion to quash the deposition based on its objections to the time and place of the proposed deposition.

Arredondo then filed a motion to compel the deposition. Arredondo did not assert new arguments but requested the court to enforce its January 6, 2020 order and compel the unrestricted deposition of Allstate's representative.

Allstate filed a document entitled "Response To Motion To Compel And Motion To Reconsider, Or In The Alternative Motion To Limit Scope." In this filing, Allstate requested the trial court to reconsider its January 6, 2020 ruling and quash the deposition in its entirety for the reasons stated in the motion to quash. Alternatively, Allstate asked the court to at least preclude inquiry into topics 6, 10, 11, and 12[1] because those topics (1) would not lead to the discovery of admissible evidence on the issues of liability or the amount of Arredondo's damages, and (2) delve into information that was prepared in anticipation of litigation and is protected by the work product and trade secret privileges. Allstate also singled out

---

[1] Topics 6, 10, 11, and 12 inquire into the reasons for denying or limiting Arredondo's claim, Allstate's proposed damage model, the process for determining liability and the amount of damages, and settlement negotiations in this case.

4

topic 9—regarding possible defenses not yet raised in Allstate's live pleadings—as objectionable for additional reasons, namely that it is speculative, seeks to discover work product, and would unreasonably require a layperson representative to testify regarding affirmative defenses that have not been placed in issue by Allstate's answer.

After a hearing on April 13, 2020, the trial court signed an order on April 27, 2020 directing Allstate to produce a corporate representative on the twelve topics identified above.

The deposition did not occur, and on June 9, 2020, Arredondo filed his second motion to compel, which he set for hearing on June 29, 2020. Allstate filed its petition for writ of mandamus in this court on June 15, 2020, challenging the trial court's January 6, 2020 and April 27, 2020 orders. We granted Allstate's motion for temporary relief and stayed the challenged orders pending our decision on Allstate's petition.

**Mandamus Standards**

To obtain mandamus relief, a relator generally must show both that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302-03 (Tex. 2016) (orig. proceeding) (per curiam); *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). We review the trial court's legal conclusions with

5

limited deference. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). The relator must establish that the trial court could reasonably have reached only one decision. *Id*. Appeal is not an adequate remedy when the appellate court would not be able to cure the trial court's discovery error on appeal. *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding) (per curiam); *In re Ford Motor Co.*, 988 S.W.2d 714, 721 (Tex. 1998) (orig. proceeding).

**Analysis**

In seeking mandamus relief, Allstate contends that the trial court abused its discretion by allowing the deposition because the topics of inquiry exceed the scope of relevant issues necessary to adjudicate the underlying liability and damages determinations, and, to the extent any topics are relevant to the tortfeasor's liability and Arredondo's damages, any Allstate representative would lack personal knowledge of those facts. Allstate further asserts that deposing its representative on the existence, extent, or duration of Arredondo's claimed injuries is unreasonable and unduly burdensome because that information is more readily obtainable by Arredondo, who has superior access to his medical records. Allstate also argues that certain topics seek privileged information. Finally, Allstate contends that it lacks an adequate remedy by appeal because it is being put to the expense of presenting a witness to testify on matters irrelevant to any pending claim.

**A.    Laches**

At the outset, we address Arredondo's contention that Allstate's mandamus petition is barred by laches because Allstate delayed too long in seeking appellate relief. The trial court signed the orders at issue on January 6, 2020 and April 27, 2020. Allstate did not file its mandamus petition until June 15, 2020. According to

6

Arredondo, this delay in seeking relief justifies denying Allstate's petition without reaching the merits.

Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles, including the principle that equity aids the diligent and not those who slumber on their rights. *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding). Whether a party's delay in asserting its rights precludes mandamus relief depends on the circumstances. *In re Oceanografia, S.A. de C.V.*, 494 S.W.3d 728, 729 (Tex. 2016) (orig. proceeding) (per curiam). In examining this issue, we consider whether there is any justification for the delay, whether the party seeking mandamus bears fault for the delay, and whether the delay has prejudiced the opposing party. *See id*. at 730-31; *see also, e.g., In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 675-76 (Tex. 2009) (orig. proceeding); *In re E.I. du Pont de Nemours & Co.*, 92 S.W.3d 517, 524-25 (Tex. 2002) (orig. proceeding); *Rivercenter Assocs.*, 858 S.W.2d at 367.

We are told that after the January 6 order, Arredondo's counsel reached out to Allstate's counsel for available deposition dates. Allstate's counsel did not provide dates but instead represented that Allstate would seek reconsideration from the trial court and, failing a successful result, file a mandamus petition. According to Arredondo, this communication occurred before he filed the March 12, 2020 motion to compel, which sought to enforce the January 6 order. Arredondo set the motion to compel for hearing on April 6, 2020. Three days before that hearing, Allstate filed its response to the motion to compel and request for reconsideration of its motion to quash. The court signed the order granting Arredondo's motion to compel on April 27.

7

Without expressing an opinion on the justification or alleged fault for any delay in seeking mandamus relief, we conclude that rejecting Allstate's petition based on laches is unwarranted because Arredondo does not assert any detrimental change in his position due to an unreasonable delay. *See Oceanografia, S.A. de C.V.*, 494 S.W.3d at 730-31; *see also In re Laibe Corp.*, 307 S.W.3d 314, 318 (Tex. 2010) (orig. proceeding) (per curiam) (to invoke the equitable doctrine of laches, the moving party ordinarily must show, among other things, detrimental change in position because of delay); *In re Wagner*, 560 S.W.3d 309, 318 (Tex. App.— Houston [1st Dist.] 2017, orig. proceeding). Under these circumstances, Allstate's request for relief is not barred by laches.

## B.  Scope of Discovery

A trial court generally has discretion to determine the scope of discovery. *In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 802 (Tex. 2017) (orig. proceeding). "Our procedural rules define the general scope of discovery as any unprivileged information that is relevant to the subject of the action, even if it would be inadmissible at trial, as long as the information sought is reasonably calculated to lead to the discovery of admissible evidence." *In re Nat'l Lloyds Ins. Co.*, 507 S.W.3d 219, 223 (Tex. 2016) (orig. proceeding) (per curiam) (internal quotation marks and citations omitted). Accordingly, discovery must be reasonably tailored to include only matters relevant to the case. *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding) (per curiam); *see also In re Xeller*, 6 S.W.3d 618, 626 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding). When discovery requests exceed these boundaries, trial courts must impose reasonable discovery limits commensurate with the scope of permissible discovery. *See In re Graco Children's Prods., Inc.*, 210 S.W.3d 598, 600 (Tex. 2006) (orig. proceeding)

(per curiam). A trial court abuses its discretion if it orders discovery beyond that which the rules of civil procedure permit. *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128, 130-31 (Tex. 2018) (orig. proceeding).

The phrase "relevant to the subject matter" is to be broadly construed. *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014) (orig. proceeding) (per curiam). Information is relevant if it tends to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the information. Tex. R. Evid. 401. Determining which facts are "of consequence" to the action necessarily begins with a review of the pleadings. "The materiality and relevancy of testimony is to be determined by reference to the issues made by the pleadings." *Compagnie des Metaux Unital v. Victoria Mfg. Co.*, 107 S.W. 651, 654 (Tex. App. 1908, no writ); *see In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 180 n.1 (Tex. 1999) (stating that review of relevancy generally done by "close examination of the pleadings and specific claims and defenses made"); *see also* Tex. R. Civ. P. 192.3(a) (party may obtain discovery of matters not privileged that are relevant to the "subject matter of the pending action", whether relating to claims or defenses). Facts that may be of consequence to issues not raised by pleadings are not permissible areas of discovery. "Discovery undertaken with the purpose of finding an issue, rather than in support of an issue already raised by the pleadings, would constitute an impermissible 'fishing expedition'" under *Alford Chevrolet-Geo*. *See In re Am. Home Assurance Co.*, 88 S.W.3d 370, 376 (Tex. App.—Texarkana 2002, orig. proceeding) (citing *Alford Chevrolet-Geo*, 997 S.W.2d at 180).

UIM coverage provides payment to the insured of all amounts that the insured is legally entitled to recover as damages from owners or operators of underinsured

vehicles because of bodily injury or property damage, not to exceed the limit specified in the insurance policy. *Farmers Tex. Cty. Mut. Ins. Co. v. Okelberry*, 525 S.W.3d 786, 790 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (citing Tex. Ins. Code § 1952.106). A negligent party is underinsured when the available proceeds of his liability insurance are insufficient to compensate for the injured party's actual damages. *Id.* (citing *Stracener v. United Servs. Auto. Ass'n*, 777 S.W.2d 378, 380 (Tex. 1989)). Unlike most first-party cases in which the terms of the policy alone dictate the outcome, UIM coverage hinges on the liability of the alleged underinsured, at-fault third-party motorist under applicable tort law. *Brainard*, 216 S.W.3d at 818; *In re Liberty Cty. Mut. Ins. Co.*, 537 S.W.3d 214, 220 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding). Thus, a UIM insurer's contractual duty to pay benefits does not arise until the liability of the other driver and the amount of damages sustained by the insured are determined. *Brainard*, 216 S.W.3d at 818. A claim for UIM benefits is not presented until the trial court signs a judgment resolving these issues. *Id*.

To recover UIM benefits, a claimant must prove: (1) that the insured has UIM coverage; (2) that the other driver negligently caused the accident resulting in the covered damages; (3) the amount of the insured's damages; and (4) that the other driver's insurance coverage is deficient. *In re Liberty Cty. Mut. Ins. Co*., 557 S.W.3d 851, 856 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding); *Liberty Cty. Mut. Ins. Co.*, 537 S.W.3d at 220; *In re Progressive Cty. Mut. Ins. Co.*, 439 S.W.3d 422, 427 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding). As these issues must be resolved before any contractual claim to UIM benefits can mature, discovery in a UIM dispute such as this one must be tailored only to these pertinent matters.

## C. Abuse of Discretion

Allstate does not contest that, at the time of the accident, Arredondo was insured under an insurance contract containing UIM coverage, that the policy was in force and effect, and that the collision constitutes an "accident" under the policy. The relevant issues, therefore, are narrowed to: (1) the alleged underinsured driver's liability for the underlying accident; (2) the existence and amount of the plaintiff's damages; and (3) whether the other driver was underinsured. *See Liberty Cty. Mut. Ins. Co.*, 557 S.W.3d at 856. Allstate has filed a general denial, thereby putting Arredondo to his burden of proof of these facts.

Citing two Liberty County Mutual Insurance Company cases from our court and the First Court of Appeals,[2] Allstate's first argument is that the deposition is not permissible because the only claim is for UIM benefits and its corporate representative has no relevant testimony on the required elements.

In the First Court of Appeals' decision, the court conditionally granted mandamus relief from an order compelling discovery in a UIM case. *See Liberty Cty. Mut. Ins. Co.*, 537 S.W.3d at 220-22. The claimant served written discovery inquiring about claims adjustment and handling, and he also sought the deposition of the company's claims adjuster. But because the extra-contractual claims had been severed and abated, the only relevant issues were the underinsured driver's liability and status and the claimant's damages. *Id*. at 221. As the discovery at issue did not pertain to those issues but rather concerned matters that would not arise until the carrier's contractual duty to pay UIM benefits ripened and was breached, the order compelling the discovery was an abuse of discretion. *Id*. Additionally, the court

---

[2] *See Liberty Cty. Mut. Ins. Co.*, 557 S.W.3d at 856; *Liberty Cty. Mut. Ins. Co.*, 537 S.W.3d at 219-21.

held it was an abuse to compel the deposition of Liberty Mutual's claims adjuster because her only connection to the case was her status as an adjuster who signed the company's discovery responses, but she did not possess relevant information. *Id*.

The following year, this court considered a mandamus petition in another UIM case, coincidentally filed by Liberty Mutual. *Liberty Cty. Mut. Ins. Co*., 557 S.W.3d at 856. There, the trial court compelled the deposition of the insurer's corporate representative on several topics, which included the tortfeasor's liability and the plaintiff's damages but were broad enough to encompass other matters irrelevant to the underlying UIM claim. *Id*. at 854-55. Our court conditionally granted mandamus relief, holding that the order was an abuse of discretion for two reasons. First, the order was not limited to the relevant topics of the tortfeasor's liability and the plaintiff's damages. *Id*. at 856. Second, to the extent the deposition topics pertained to the relevant issues, the record showed that the information sought through the deposition had already been obtained by the plaintiff or may be obtained from other sources with less burden and expense. *Id*. at 856-57. Allstate relies heavily on these two Liberty County Mutual Insurance Company cases.

The most persuasive case Arredondo cites is *In re Garcia*, No. 04-07-00173-CV, 2007 WL 1481897 (Tex. App.—San Antonio May 23, 2007, orig. proceeding) (mem. op.). There, as here, the claimant settled with an alleged underinsured tortfeasor and then sued her insurer. In its answer, the defendant, State Farm, disputed among other things Garcia's actual damages, including whether the alleged injuries resulted from the accident. *Id*. at *2. Garcia noticed the deposition of State Farm's corporate representative on several topics, including the facts supporting State Farm's legal theories and defenses. *Id*. State Farm moved to quash the deposition because the petition stated no claim warranting corporate representative

12

testimony. *Id*. at *1. Alternatively, State Farm moved to limit the deposition's scope. *Id*. The trial court quashed the deposition. On the claimant's petition for writ of mandamus, the court of appeals concluded that at least some of the deposition topics were relevant to the underlying UIM claim, such as the claimant's damages and State Farm's defenses to those damages. *Id*. at *2. "[I]nformation about State Farm's defenses is relevant and properly discoverable, absent a showing of privilege or some other exemption authorized by the Texas Rules of Civil Procedure." *Id*. The court conditionally granted mandamus relief and ordered the trial court to withdraw the order quashing the deposition, while also stating that the trial court could still consider State Farm's alternate request to limit the deposition's scope. *Id*. at *3.

In this regard, *Garcia* is consistent with our court's more recent decision in yet another Liberty County Mutual Insurance Company case, *In re Liberty County Mutual Insurance Company*, 606 S.W.3d 866 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). This court denied mandamus relief from an order compelling the deposition of Liberty County Mutual Insurance Company's corporate representative in an uninsured motorist case. In that case, however, the deposition topics were appropriately limited to the relevant issues in a typical car wreck case and did not seek information beyond the defendant's contentions on liability and damages or the evidence to support those contentions. *Id*. at 870.

Here, Arredondo has settled with Guzman's insurance carrier and is proceeding against his own insurance company, which has by its answer contested relevant issues pertaining to Guzman's liability and Arredondo's damages. As in this court's 2020 Liberty County Mutual Insurance Company case, Allstate has not stipulated that Guzman's negligence caused Arredondo's alleged injuries, the

13

amount of Arredondo's damages, or that Guzman was underinsured. *See id*. at 875. Arredondo is entitled to discover Allstate's contentions put into issue by its pleading, as well as any evidence of which its representative may have personal knowledge in support of those contentions. *See id.* at 873-75; *Garcia*, 2007 WL 1481897, at *2. Matters pertaining to a pleaded claim or defense are within the scope of permissible discovery. *See* Tex. R. Civ. P. 192.3(a).

To the extent the deposition topics at issue permit inquiry into relevant matters, Allstate argues alternatively that compelling the deposition is clear error because it is unduly burdensome, and Arredondo may obtain that evidence elsewhere. *See* Tex. R. Civ. P. 192.4(a). Courts have agreed that a corporate representative deposition is unreasonable and unduly burdensome in the UIM context on the content of a claimant's records because the claimant has independent and superior access to his own records. *In re Perry*, No. 13-18-00676-CV, 2019 WL 1723509, *8 (Tex. App.—Corpus Christi-Edinburg Apr. 18, 2019, orig. proceeding) (mem. op.); *see also Liberty Cty. Mut. Ins. Co*., 537 S.W.3d at 222-23; *In re Arras*, 24 S.W.3d 862, 864 (Tex. App.—El Paso 2000, orig. proceeding). Indeed, this court relied on similar reasoning in our 2018 Liberty County Mutual Insurance Company case. *Liberty Cty. Mut. Ins. Co*., 557 S.W.3d at 856-57. In that case, however, the insurer asserted the argument in the trial court and developed a record to support it. *Id*. Here, in contrast, Allstate did not argue in the trial court that the deposition should be quashed or limited based on similar grounds and did not develop a record demonstrating that the relevant information sought by the deposition is already known by Arredondo, has already been obtained, or is obtainable through more convenient, less burdensome, or less expensive means. *Cf. id*. at 857; *Garcia*, 2007 WL 1481897, at *2. We cannot grant mandamus relief based on an argument that Allstate did not first present in the trial court. *See In re Prodigy Servs., LLC*, No.

14-14-00248-CV, 2014 WL 2936928, at *4 (Tex. App.—Houston [14th Dist.] June 26, 2014, orig. proceeding) (mem. op.) (holding relator waived objection that discovery requests were overly broad and unduly burdensome by failing to object in the trial court).

We agree with Allstate that its representative would not have first-hand personal knowledge of the accident's circumstances or Arredondo's alleged injuries. *See Liberty Cty. Mut. Ins. Co.*, 557 S.W.3d at 856. However, Arredondo is entitled to discover Allstate's defensive contentions raised by its pleadings and the evidence upon which it relies to support them, such as requested by topics 1, 8, and 10.[3] *See id.* at 857; *Garcia*, 2007 WL 1481897, at *2; Tex. R. Civ. P. 192.3(a). If its representative lacks personal knowledge of a particular inquiry, nothing about our opinion precludes the deponent from saying so.

Though Arredondo may take Allstate's deposition, we also conclude that some matters encompassed by the noticed topics are clearly beyond the scope of relevant discovery to which a UIM claimant is entitled under these circumstances. In this regard, the order is an abuse of discretion because it is not limited to the relevant topics of the tortfeasor's liability and the plaintiff's damages. *See Liberty Cty. Mut. Ins. Co.*, 557 S.W.3d at 856. For example, topics 5, 6, 7, 11, and 12 address the investigation of Arredondo's claim, the reasons for denying or limiting Arredondo's claim, Allstate's investigation of the tortfeasor, Allstate's process of determining liability and the amount of damages in this claim, and settlement negotiations in this case. These requests concern the handling of Arredondo's claim. But Arredondo has not pleaded any extra-contractual claims. Allstate raised this

---

[3] In this court, Allstate contends topic 8 is harassing, but it did not assert that argument below so we do not consider it.

15

argument in its motion to quash, and Arredondo did not respond to that point and has since acknowledged that he is not seeking discovery on claims-handling matters. Therefore, these topics are outside the scope of permissible discovery related to pending claims or defenses. *See* Tex. R. Evid. 401. The trial court abused its discretion by compelling a corporate representative deposition on those topics. *See N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d at 130-31 (stating that trial court abuses its discretion if it orders discovery that exceeds what rules of civil procedure permit); *Liberty Cty. Mut. Ins. Co*., 537 S.W.3d at 221.

Similarly, topics 2, 3, and 4 address the validity and "specifics" of the policy sold to Arredondo, his rights under the policy, and the requirements for coverage and payment under the policy. Allstate has conceded the policy's validity and the only matters presently at issue are Guzman's liability for the accident, Arredondo's damages, and whether Guzman's insurance coverage was deficient. *See Liberty Cty. Mut. Ins. Co.*, 557 S.W.3d at 856. A UIM insurer has no contractual duty to pay benefits until these issues are determined. *Brainard*, 216 S.W.3d at 818. Compelling Allstate's corporate representative testimony on these topics, at this time, is an abuse of discretion.

Further, topic 9 addresses "possible defenses not yet raised" in Allstate's pleadings. In its mandamus petition, Allstate argues that topic 9 invades the work product privilege, a ground Allstate asserted in trial court.[4] Work product includes "material prepared or mental impressions developed" by Allstate and its counsel. Tex. R. Civ. P. 192.5(a)(1). Topic 9 clearly falls into this category and is protected work product. Its degree of protection depends on whether it is core work product.

---

[4] For purposes of the rules, "an assertion that material or information is work product is an assertion of privilege." Tex. R. Civ. P. 192.5(d).

16

"Core" work product is an attorney's work product containing the attorney's mental impressions, opinions, conclusions, or legal theories. *Id.* 192.5(b)(1). It is absolutely privileged and not discoverable: "Core work product is sacrosanct and its protection impermeable." *In re Bexar Cty. Crim. Dist. Atty's Office*, 224 S.W.3d 182, 187-88 (Tex. 2007) (orig. proceeding). Because topic 9, as worded, is broad enough to include the mental impressions of Allstate's counsel, it seeks to discover core work product. But Arredondo is not entitled to a preview of what theories or defenses Allstate's counsel may or may not be considering as part of Allstate's litigation strategy. *See In re AEP Tex. Cent. Co.*, 128 S.W.3d 687, 692 (Tex. App.— San Antonio 2003, orig. proceeding) (holding attorney memorandum analyzing potential claims contained attorney's mental impressions, opinions, and legal theories and was protected by work-product privilege).

Any work product other than core work product is discoverable only upon a showing that the party seeking it has substantial need of the material and "is unable without undue hardship to obtain the substantial equivalent of the material by other means." Tex. R. Civ. P. 192.5(b)(2). Arredondo, as the party seeking Allstate's corporate representative's mental impressions, opinions, and theories about possible defenses not yet pleaded, "bears a heavy burden" to show that he has a "substantial need" for the work product and he "is unable without undue hardship to obtain the substantial equivalent of the material by other means." *See Bexar Cty. Crim. Dist. Atty's Office*, 224 S.W.3d at 188 (quoting Tex. R. Civ. P. 192.5(b)(2)). Arredondo has not argued that he has a "substantial need" for the requested information for purposes of proving his damages and Guzman's liability and, therefore, he has not met his burden to compel deposition testimony about Allstate's corporate representative's work product.

17

Moreover, seeking discovery on matters not yet raised by the pleadings is an impermissible fishing expedition. *See Am. Home Assurance Co.*, 88 S.W.3d at 376. Arredondo may discover Allstate's contentions raised by the pleadings, but not any contentions Allstate has considered but not raised in its pleadings.

In sum, because Allstate's contractual obligations do not ripen until after the issues of Guzman's liability, Arredondo's damages, and underinsured status have been determined, topics 2-7, 11, and 12 are irrelevant to the current claim. *See Liberty Cty. Mut. Ins. Co.*, 557 S.W.3d at 856; *Liberty Cty. Mut. Ins. Co.*, 537 S.W.3d at 221. And topic 9 is protected work product. A UIM insurer is not required to incur litigation expense on these issues because they may be rendered moot by the resolution of the underlying accident. *Liberty Cty. Mut. Ins. Co.*, 537 S.W.3d at 221.

We have concluded that the trial court did not abuse its discretion in compelling a corporate representative's deposition confined to the issues identified above. But we have further concluded that the trial court abused its discretion in refusing to narrowly focus the deposition's scope to the facts Arredondo must prove and Allstate's contentions in defense of those facts. We further determine that Allstate lacks an adequate remedy by ordinary appeal. *See Liberty Cty. Mut. Ins. Co.*, 557 S.W.3d at 857-58; *see also Liberty Cty. Mut. Ins. Co.*, 537 S.W.3d at 223; *In re Houstonian Campus, L.L.C.*, 312 S.W.3d 178, 183 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding).

## Conclusion

Accordingly, we deny in part and conditionally grant in part Allstate's petition for writ of mandamus. We direct the trial court to issue a written order vacating its January 6, 2020 and April 27, 2020 orders. We further order the trial court to issue a new order granting Arredondo's motion to compel in part and granting Allstate's

motion to quash in part, limited to the subject matter as set forth in this opinion, unless the parties reach an agreement that makes a new order compelling the deposition unnecessary. We are confident the trial court will act in accordance with this opinion and the writ will issue only if the court fails to do so. Our June 19, 2020 stay order is lifted.


/s/    Kevin Jewell
Justice


Panel consists of Chief Justice Christopher and Justices Jewell and Hassan. (Hassan, J., dissenting).